IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        **Plaintiff,**

v.                                  Civil Action No. _____
                                      Trial by Jury is Demanded

**TRIPLE S VIDA, INC.**

        **Defendants.**
_____/

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), Section 102(b)(5)(A), 42 U.S.C. § 12112(b)(5)(A), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Ivelisse Gonzalez. As alleged with greater particularity in the paragraphs below, Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Triple S Vida, Inc. failed to provide a reasonable accommodation to Ms. Gonzalez in violation of the ADA.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

1

ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.       The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

## PARTIES

3.       Plaintiff, the Equal Employment Opportunity Commission ("Commission" or "EEOC") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and the ADAAA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.       At all relevant times, Triple S Vida, Inc. ("TSV") is an insurance company registered to do business in Puerto Rico and has continuously done business in Puerto Rico with its principal place of business in San Juan.

5.       At all relevant times, the Defendant TSV has continuously had at least fifteen employees.

6.       At all relevant times, the Defendant TSV has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

7.       At all relevant times, the Defendant TSV has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## CONDITIONS PRECEDENT

8. More than thirty days prior to the institution of this lawsuit, Charging Party Ivelisse Gonzalez filed a charge of discrimination with the Commission alleging violations of the ADA against the Defendant TSV.

9. The Commission sent the Defendant TSV notice of Ms. Gonzalez's charge.

10. The Commission issued to Defendant TSV a Letter of Determination on June 14, 2021 finding reasonable cause to believe that Defendant TSV discriminated against Ms. Gonzalez in violation of the ADA by failing to accommodate her due to her disability.

11. The Commission issued to Defendant TSV a Notice of Failure of Conciliation on June 28, 2021 advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Triple S Management ("TSM") is a parent company with at least three affiliate entities: Triple S Vida ("TSV"), Triple S Salud, and Triple S Propiedad, which offer life, health and property insurance respectively.

14. TSM handles employee relations issues for TSV.

15. The TSM reasonable accommodation policy controls employee relations for TSM affiliates, including TSV.

16. The TSM reasonable accommodation policy defines TSM as including "direct or indirect affiliates," which includes TSV.

17. TSM handles hiring and re-assignment decisions for TSV and other affiliates such as Triple S Salud, Triple S Propiedad, and others.

18. TSV is an insurance company doing business in Puerto Rico.

19. TSV employs hundreds of people in Puerto Rico.

20. Ivelisse Gonzalez has a disability, fibromyalgia.

21. Fibromyalgia substantially limits one or more major life activities of Ms. Gonzalez in that it affects her ability to walk, bend, lift, drive, and care for herself, among others.

22. Ms. Gonzalez started working for TSV in October 2015 as an Authorized Sales Representative.

23. Ms. Gonzalez's job as Authorized Sales Representative requires her to drive along planned routes, visit several clients a day, sell insurance policies and/or do collections.

24. In 2018, Ms. Gonzalez was diagnosed with fibromyalgia by her physician.

25. In 2018, Ms. Gonzalez provided a physician's note to her district director and to human resources. The physician's note explained that Charging Party needed re-assignment to a position in an office, not one that required driving all day.

26. On or about October 2018, a human resources representative, Kayra Davila Torres, notified Ms. Gonzalez by letter and then verbally that she could not be accommodated in her current position.

27. Ms. Torres met with Ms. Gonzalez in person and told her she should apply to vacant positions on the TSM website which includes jobs for TSM and its affiliates for which she was qualified and could be re-assigned as a reasonable accommodation.

28. TSM's reasonable accommodation policy, which applies to TSV, includes re-assignment as a reasonable accommodation.

29. Ms. Gonzalez has an associate degree in secretarial work, a bachelor's degree in criminology from 2020, over ten years' experience in customer service, and has experience performing administrative work in an office setting.

30. Between November 2018 and November 2020, Ms. Gonzalez applied to at least nine (9) vacant positions for which she was qualified at TSM and various TSM affiliates, including for example, Enrollment Representative for Triple S Salud, General Office Clerk for Triple S Management, and administrative support clerk for Triple S Vida, among others.

31. Ms. Gonzalez was more than qualified for the administrative and customer service positions to which she applied.

32. Ms. Gonzalez was not re-assigned into any of the vacant positions to which she applied and for which she was qualified.

33. In July 2020, Ms. Gonzalez notified the TSM hiring officials during an interview for a customer service representative position that she was seeking re-assignment as reasonable accommodation but was still rejected for the position.

34. By the time Ms. Gonzalez filed her charge of discrimination with the EEOC in September 2020, no one at TSM, TSV or otherwise had ever engaged in discussions with Ms. Gonzalez to re-assign her to vacant positions or to present her with potential re-assignment options.

35. As of June 2021, no one at TSM, TSV or otherwise had ever engaged in discussions with Ms. Gonzalez to re-assign her to vacant positions or to present her with potential re-assignment options.

36. In early July 2021, only weeks after the EEOC issued its Letter of Determination finding reasonable cause to believe violation of the ADA had occurred, TSM and/or TSV re-assigned Ms. Gonzalez to an office position at Triple S Vida.

37. In early July 2021, Ms. Gonzalez was re-assigned to a customer service representative position at Triple S Vida, a position like the one she applied to in July 2020 seeking re-assignment as reasonable accommodation and was denied.

38. Between August 2018 and July 2021, TSV failed to provide Ms. Gonzalez a reasonable accommodation by re-assigning her to an office job that did not require driving, as requested in the doctor's note Ms. Gonzalez provided to Defendants in 2018.

39. Between August 2018 and July 2021, TSV failed to engage with Ms. Gonzalez in a good faith interactive process to re-assign her to an office job that did not require driving.

40. As a result of TSV failing to accommodate Ms. Gonzalez, Ms. Gonzalez was forced to remain in her job as Authorized Sales Representative, causing her health to decline and causing her pain and suffering.

41. As a result of TSV's failure to provide her with a reasonable accommodation, Ms. Gonzalez suffered damages.

## STATEMENT OF CLAIMS

42. Paragraphs 1 through 41 are incorporated by reference as if fully set forth herein.

43. Ms. Gonzalez is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

44. Triple S Vida discriminated against Ms. Gonzalez in violation of Section 102(a) and (b)(5)(A) of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A), by not providing her a reasonable accommodation.

45. The unlawful employment practices complained of in paragraphs 1 through 41 above were intentional.

46. The unlawful employment practices complained of in paragraphs 1 through 41 above were done with malice or with reckless indifference to the federally protected rights of Ms. Gonzalez.

47. As a direct and proximate result of the practices complained of in paragraphs 1 through 41, Ms. Gonzalez has suffered actual pecuniary and non-pecuniary damage, including emotional pain, mental anguish, suffering, humiliation, inconvenience, and loss of enjoyment of life.

48. The effect of the practices complained of in paragraphs 1 through 41 has been to deprive Ms. Gonzalez of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

49. Grant a permanent injunction enjoining the Defendant, its owner, members, agents, managers, supervisors and all persons in active concert or participation with it, from engaging in discriminatory conduct based on disabilities including, but not limited to, failing to reasonably accommodate the known disabilities of an employee;

50. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees with disabilities;

51. Order the Defendant to make whole Ms. Gonzalez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 1 through 41 above, in amounts to be determined at trial;

52. Order the Defendant to make whole Ms. Gonzalez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 1 through 41 above, including emotional pain and suffering, in amounts to be determined at trial;

53. Order the Defendant to pay Ms. Gonzalez punitive damages for its malicious and reckless conduct, as described in paragraphs 1 through 41 above, in amounts to be determined at trial;

54. Grant such other further relief as the Court deems necessary and proper in the public interest; and

55. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

56. The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: September 23, 2021.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
General Counsel
U.S. Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney

KRISTEN FOSLID
Supervisory Trial Attorney

*s/Ana Consuelo Martinez*
ANA CONSUELO MARTINEZ
Trial Attorney
Government Attorney No. G03414
ana.martinez@eeoc.gov
Tel: 786-648-5791
U.S. Equal Employment Opportunity Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

*Attorneys for Plaintiff EEOC*