# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, Plaintiff, <br><br> v. <br><br> **TRIPLE-S VIDA, INC, ET AL.** Defendants. | CIV. NO. 21-1463 (FAB/MDM) |

## REPORT AND RECOMMENDATION

Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed the above-captioned suit against Triple-S Vida, Inc., ("TSV") alleging discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 (codified as amended in scattered sections of 42 U.S.C. §102(b)(5)(A), 42 U.S.C. § 12112(b)(5)(A), and Title I of the Civil Rights Act of 1991) ("ADAAA"). (Docket No. 1). The EEOC moved to amend its complaint to add Triple-S Management ("TSM") as a second defendant to the suit. (Docket No. 38). The Court granted the EEOC's request. (Docket No. 39). Five days later, the EEOC filed an amended complaint (the "Amended Complaint"), which sought to correct allegedly unlawful employment practices on the basis of disability and to provide appropriate relief to the charging party, Ivelisse González (the "claimant" or "Ms. González"). (Docket No. 40). In the Amended Complaint, the EEOC claims that TSV and TSM failed to provide a reasonable accommodation to Ms. González in violation of the ADA. *Id*. With this action, the EEOC hopes to obtain a permanent injunction against the defendants enjoining them from engaging in discriminatory conduct based on disabilities, an Order instructing the defendants to implement and execute policies, practices, and programs that provide equal employment opportunities for employees

with disabilities, like the claimant, and to recover monetary compensation for the claimant's damages. *Id.*

TSM has filed a Motion to Dismiss the EEOC's Amended Complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6); or in the alternative, a Motion to Strike all references to TSM in the Complaint, under Rule 12(f), because "[o]n motion or on its own, the court may at any time, on just terms . . . drop a party." Fed. R. Civ. P. 21. Although contained within the same document, the motion to dismiss portion will be referred to as the "Motion to Dismiss," and the motion to strike portion will be referred to as the "Motion to Strike." (Docket No. 44). The EEOC opposed TSM's Motion to Dismiss and Motion to Strike, arguing that it has pleaded sufficient facts at this stage of the proceedings to survive a motion to dismiss and that striking TSM as a party is not appropriate. (Docket No. 50). TSM subsequently filed a Reply. (Docket No. 58). After reviewing the parties' submissions and the pertinent law, the Court recommends **DENYING** both the Motion to Dismiss and the Motion to Strike at Docket No. 40.

## I.     Background and Operative Facts

This case arises from the alleged failure by both TSV and TSM to provide a reasonable accommodation to Ms. González. TSM is a parent company with at least three affiliate entities: TSV, Triple S Salud, and Triple S Propiedad, which offer life, health, and property insurance respectively. (Docket No. 40 ¶17). Per the Complaint, the EEOC claims that TSV and TSM discriminated against Ms. González in violation of Section 102(a) and (b)(5)(A) of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A), by not providing her a reasonable accommodation. The EEOC argues that TSM and TSV's conduct, namely, their failure to provide Ms. González with a reasonable accommodation, caused her to suffer damages, including emotional pain, mental anguish, suffering, humiliation, inconvenience, and loss of enjoyment of life. (*Id.* at ¶55). The EEOC further claims that the effect of the practices employed by TSM and TSV has been to deprive Ms. González of equal employment opportunities because of her disability and otherwise adversely affect her status as an employee.

Pursuant to the standard governing dismissal under Fed. R. Civ. P. 12(b)(6), the following facts derived from the nonconclusory allegations in the Amended Complaint (Docket No. 40) are taken as true for purposes of this decision:[1]

TSV is an insurance company registered to do business in Puerto Rico and has continuously done business in Puerto Rico with its principal place of business in San Juan. (Docket No. 40 at ¶4). TSM is an insurance company registered to do business in Puerto Rico and has continuously done business in Puerto Rico with its principal place of business in San Juan. (*Id.* at ¶5). At all relevant times, TSV and TSM have continuously had at least fifteen employees. (*Id.* at ¶6, 7). At all relevant times, TSM has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h). (*Id.* at ¶8). At all relevant times, TSV has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7). (*Id.* at ¶9).

More than thirty days prior to the institution of this lawsuit, the claimant, Ms. González filed a charge of discrimination with the Commission alleging violations of the ADA against TSV. (*Id.* at ¶9).

TSM is a parent company with at least three affiliate entities: TSV, Triple-S Salud, and Triple-S Propiedad, which offer life, health, and property insurance respectively. (*Id.* at ¶17). TSM handles employee relations issues for TSV. (*Id.* at ¶18). TSM was aware that Ms. González filed an EEOC Charge of Discrimination. (*Id.* at ¶19). TSM human resources official, Iliana S. Rodríguez Torres, received notice of Ms. Rodríguez' EEOC Charge of Discrimination. (*Id.* at ¶20). The TSM reasonable accommodation policy controls employee relations for TSM affiliates, including TSV. (*Id.* at ¶21). The TSM reasonable accommodation policy applied to Ms. González throughout her employment at TSV. (*Id.* at ¶22). The name "Triple-S Management" appears on the heading of the documents for Human Resources that applied to

---

[1] The Court focuses on the factual allegations lodged against TSM as it is the moving party of the motion pending before the Court.

Ms. González. (Docket No. 40 at ¶23). The TSM human resources policy on reasonable accommodation applies to Ms. González. (*Id*. at ¶24). The TSM reasonable accommodation policy defines TSM as including "direct or indirect affiliates," which includes TSV. (*Id*. at ¶25). TSM makes hiring and re-assignment decisions for TSV and other affiliates such as Triple-S Salud, Triple-S Propiedad, and others. (*Id*. at ¶26).

TSV is an insurance company doing business in Puerto Rico. (*Id*. at ¶27). TSV employs hundreds of people in Puerto Rico. (*Id*. at ¶28). TSM is an insurance company doing business in Puerto Rico. (*Id*. at ¶29). Defendants TSV and TSM operate as a single or integrated enterprise, and/or joint employer by virtue of the interrelations of their operations and the centralized control over their labor relations. (*Id*. at ¶30). TSV and TSM share personnel practices for their employees. (*Id*. at ¶31). TSV and TSM offer similar services. (*Id*. at ¶32).

Ms. González has a disability, namely, fibromyalgia. (*Id*. at ¶33). Fibromyalgia substantially limits one or more major life activities of Ms. González in that it affects her ability to walk, bend, lift, drive, and care for herself, among others. (*Id*. at ¶34). Ms. González started working for TSV in October 2015 as an Authorized Sales Representative. (*Id*. at ¶35). Her job as an Authorized Sales Representative requires her to drive along planned routes, visit several clients a day, sell insurance policies and/or do collections. (*Id*. at ¶36).

In 2018, Ms. González was diagnosed with fibromyalgia by her physician. (*Id*. at ¶37). In 2018, Ms. González provided a physician's note to her district director and to human resources. The physician's note explained that Ms. González needed reassignment to a position in an office, not one that required driving all day. (*Id*. at ¶38). In or about October 2018, a human resources representative, Kayra Dávila Torres ("Ms. Dávila"), notified Ms. González, first by letter, and then verbally, that she could not be accommodated in her current position. (*Id*. at ¶39).

Ms. Dávila met with Ms. González in person and told her she should apply to vacant positions for which she was qualified and could be re-assigned as a reasonable

accommodation. Ms. Dávila also told Ms. González to search for such vacant positions on the TSM website which includes jobs for TSM and its affiliates. (Docket No. 40 at ¶40). TSM's reasonable accommodation policy, which applies to TSV and its affiliates, includes re-assignment as a reasonable accommodation. (*Id.* at ¶41). Ms. González has an associate degree in secretarial work, a bachelor's degree in criminology, which she earned in 2020, over ten years of experience in customer service, and has experience performing administrative work in an office setting. (*Id.* at ¶42).

Between November 2018 and November 2020, Ms. González applied for at least nine (9) vacant positions for which she was qualified at TSM and various TSM affiliates, including, for example, Enrollment Representative for Triple-S Salud, General Office Clerk for Triple S Management, and administrative support clerk for Triple-S Vida, among others. (*Id.* at ¶43). Ms. González was more than qualified for the administrative and customer service positions to which she applied. (*Id.* at ¶44). Ms. González was not re-assigned into any of the vacant positions to which she applied and for which she was qualified. (*Id.* at ¶45). TSM officials selected candidates to fill various vacant positions for which Ms. González applied. (*Id.* at ¶46). In July 2020, Ms. González notified the TSM hiring officials during an interview for a customer service representative position that she was seeking re-assignment as a reasonable accommodation but was still rejected for the position. (*Id.* at ¶47).

By the time Ms. González filed her charge of discrimination with the EEOC in September 2020, no one at TSM or TSV had ever engaged in discussions with her to re-assign her to vacant positions for which she was qualified or to present her with potential re-assignment options. (*Id.* at ¶48). As of June 2021, no one at TSM or TSV had ever engaged in discussions with Ms. González to re-assign her to vacant positions or to present her with potential re-assignment options. (*Id.* at ¶49).

In early July 2021, only weeks after the EEOC issued its Letter of Determination finding reasonable cause to believe that a violation of the ADA had occurred, TSM and/or TSV re-assigned Ms. González to an office position at TSV. (*Id.* at ¶50). In early July 2021, Ms. González was re-assigned to a customer service

representative position at TSV, a position similar to the one she had applied for in July 2020 when she sought re-assignment as a reasonable accommodation but was denied. (Docket No. 40 at ¶51). Between August 2018 and July 2021, TSV and TSM failed to provide Ms. González a reasonable accommodation by re-assigning her to an office job that did not require driving, as requested in the doctor's note that she had provided to the defendants in 2018. (*Id.* at ¶52).

Between August 2018 and July 2021, TSM and TSV failed to engage with Ms. González in a good faith interactive process to re-assign her to an office job that did not require driving. (*Id.* at ¶53). As a result of TSM and TSV's failure to accommodate Ms. González, she was forced to remain in her job as an Authorized Sales Representative, causing her health to decline and causing her pain and suffering. (*Id.* at ¶54).

### I.     Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A complaint survives a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss where it alleges "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating whether a plaintiff is entitled to relief, the court must accept as true all "well pleaded facts [and indulge] all reasonable inferences" in the plaintiff's favor. *Id.* at 556.

When considering 12(b)(6) motions, the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. *See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (citing *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) which discusses *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly*, 550 U.S. at 544. The plaintiff must plead enough facts to state a "plausible" entitlement to relief, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, [...] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)," *Twombly, id.* at 555, excepting those allegations "that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz*, 669 F.3d at 55. If the complaint's "factual content, so taken,

'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." *Ocasio-Hernández*, 640 F.3d at 12 (quoting *Iqbal*, 556 U.S. at 678). Plausibility is a context-specific determination that requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 678.

The Supreme Court has explained that "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (quotation omitted). Thus, a complaint will not stand if it offers only "naked assertion[s]" devoid of "further factual enhancements." *Iqbal*, 556 U.S. at 678. Although a complaint does not need detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, *id.* at 678–79. To determine whether a complaint has stated a plausible, non-speculative claim for relief, courts may also consider: "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003).

Under Rule 12(b)(6), dismissal is proper when "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzáles-Morales v. Hernández-Arencibia*, 221 F.3d 45, 48 (1st Cir. 2000) (citing *Correa-Martínez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990)). Moreover, the First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir. 2008).

"The aforementioned requirements complement a bedrock principle of the federal judicial system: a complaint must contain enough detail to give "a defendant fair notice of the claim and the grounds upon which it rests." *Meléndez-Fernández v. Special Care Pharmacy Servs., Inc.,* 2012 WL 4813528 at 3 (D.P.R. Oct. 10, 2012)

citing *Ocasio–Hernández,* 640 F.3d at 8 (citing Fed. R. Civ. P. 8(a)(2)). Accordingly, "[w]hile a plaintiff's claim to relief must be supported by sufficient factual allegations to be plausible under *Twombly* [and *Iqbal*], nothing requires a plaintiff to prove her case in the pleadings." *Chao v. Ballista,* 630 F. Supp. 2d 170, 177 (D. Mass. 2009). Differently stated, even after *Twombly* and *Iqbal,* "[d]ismissal of a complaint under Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief." *Ocasio–Hernández,* 640 F.3d at 11.

## II.  **The Motion to Dismiss**

In short, TSM moves for dismissal of the case against it, arguing that it should not be a party to the present litigation because it "has absolutely nothing to do with this lawsuit." (Docket No. 44). More specifically, TSM claims that the Amended Complaint should be dismissed against it pursuant to Rules 12(b)(6) and 12(f) for various reasons, namely: that TSV and TSM are separate entities and, as such, TSM is not liable for TSV's actions; that the EEOC failed to advance specific allegations in the Complaint sufficient to pursue viable ADA and ADAAA claims against TSM; and, that the EEOC failed to state a claim against TSM upon which relief can be granted because TSM is not the claimant's employer. *Id.* In its response in opposition to the Motion to Dismiss, the EEOC argues that it has pleaded sufficient facts at this stage for the Court to deny TSM's request for dismissal. The EEOC further claims that TSM completely ignores the well-pleaded facts included in the Amended Complaint, which satisfy the elements of a joint employer or an integrated enterprise (between TSM and TSV) and, therefore, dismissal of the action against TSM would be unwarranted.

The First Circuit has explained that, under the "single employer" or "integrated employer" doctrine, two nominally separate companies may be so interrelated that they constitute a single employer subject to liability under Title VII and, by analogy, the ADA. *See Meléndez-Fernández*, 2012 WL 4813528 at 3; *Torres–Negrón v. Merck & Co., Inc.,* 488 F.3d 34 (1st Cir. 2007) (relying on *NLRB v.*

*Browning–Ferris Indus., Inc.*, 691 F.2d 1114, 1122 (3d Cir. 1982)). This doctrine may apply in cases where "liability is sought to be imposed on the legal employer by arguing that another entity is sufficiently related such that its actions . . . can be attributable to the legal employer." *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1, 4 n.2 (1st Cir. 2006).

There are three recognized methods for determining whether a single employer exists in these types of cases and, although the First Circuit has not decided which test is appropriate, it has recognized that the "integrated-enterprise test" is the standard adopted by most circuits. *Meléndez-Fernández, supra; Torres–Negrón*, 233 F.3d at 42; *Romano v. U–Haul International*, 233 F.3d 655 (1st Cir. 2000). The factors that must be considered under the "integrated-enterprise test" are: (1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership. *Torres–Negrón*, 488 F.3d at 42 (citing *Romano*, 233 F.3d at 662). Courts have stated that all four factors are *not* necessary for single-employer status, and that the test should be applied flexibly, placing special emphasis on the control of employment decisions. *Id*. As applied to the single employer or integrated enterprise test, the First Circuit has required only that the "complaint contains well-pleaded allegations that, taken as true, established an employment relationship between plaintiffs and defendants." *Meléndez–Fernández*, 2012 WL 4813528, at *5 (citing *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9–10 (1st Cir. 2012).

In the motion currently pending before the Court, TSM claims that it is not Ms. González' employer—rather, TSV is—and that TSM is merely the parent company of TSV and is thus detached from any involvement in Ms. González' employment. TSM also avers that even though TSV is a subsidiary of TSM, it is still a separate and independent corporation from TSM, with its own separate and distinct legal personality. To prove its theory that TSM "has absolutely nothing to do with this lawsuit," and thus dismissal should follow, TSM relies on the Certificates of

Existence and Federal Employment Identification Numbers (FEIN) of both TSM and TSV, respectively.[2]

The parties dispute whether the Certificates of Existence can be properly considered by the Court in its 12(b)(6) analysis because they are being proposed by TSM in its Motion to Dismiss and are not "attached to or fairly 'incorporated into the complaint.'" *See Puerto Rico Elec. Power Auth. v. Liberty Mut. Ins. Co.*, No. 20-1393, 2021 WL 3293622, at *2 (D.P.R. Aug. 2, 2021) (citing *Nieto-Vicenty v. Valledor*, 984 F. Supp. 2d 17, 20 (D.P.R. 2013)). Assuming, without deciding, that these documents can be considered, the Court finds that they do little to advance TSM's cause.

The Court agrees with the EEOC that a Certificate of Existence constitutes a typical, run-of-the-mill, incorporation document, which is expected and required for corporations, and is issued by the State Department to record the formation of a business entity. That TSM and TSV have separate Certificates of Existence is also typical of corporations having parent/subsidiary relationships. While the documents may show, on their face, that TSM and TSV are distinct legal entities, they do not prove the assertion that TSM ultimately proposes—that TSM cannot be liable for TSV's actions because it is not the claimant's employer or joint employer, ergo, the Court should dismiss the lawsuit against it. Even considering the Certificates of Existence as part of the Court's analysis, they are not in the least the smoking gun that TSM portends them to be. Indeed, the Certificates of Existence, alone, are insufficient to support the dismissal of the claims against TSM.

To be sure, the Certificates of Existence do not offer a shred of evidence with respect to the well-established factors of the "integrated-enterprise test," which is required to determine the level of interrelatedness of operations between TSM and TSV. For example, the Certificates of Existence do not shed light on any of the relevant questions at hand, such as, common management between TSM and TSV,

---

[2] It is worth noting, though certainly not dispositive, that TSM's Motion to Dismiss and Motion to Strike is only seven (7) pages long and, for the most part, is comprised of "matter-of-fact" conclusory statements but omits necessary well-developed argumentation and enough factual matter to support the type of dispositive relief it has requested.

common ownership, how TSM and TSV operate as a matter of practice with respect to their policies and personnel; what degree of control, if any, TSM has over employment decisions of the employees of its subsidiaries; whether there are integrated operations in terms of how TSM and TSV manage their human resources and employee relations; what, if any, is the relationship between TSM and the claimant; and what, if any, is TSM's level of control over the claimant's employment with TSV and any other TSM affiliate, among other relevant inquiries.

Courts have explained that one can show interrelation of operations with evidence of, among others, "shared employees, services, records, office space, and equipment, commingled finances, and handling by the parent of subsidiary tasks such as payroll, books, and tax returns." *See e.g., Romano v. U-Haul Int'l*, 233 F.3d 655, 667, n.7 (1st Cir. 2000); *Magee v. BEA Const.*, Corp., No. 12-1738, 2013 WL 1429679, at *1 (D.P.R. Apr. 5, 2013) (denying motion to dismiss and rejecting defendant's arguments that it had presented "overwhelming documentation . . . presented to establish the separation of the corporation and its employees and incorporators.").[3] Here, aside from offering conclusory statements to the effect that it should *not* be a party to this lawsuit, and submitting the Certificates of Existence of TSM and TSV, respectively, TSM has not even attempted to answer any of the relevant questions at hand, which are required to show that TSM does *not* operate as a joint employer with TSV *nor* are they integrated enterprises. TSM misses the mark.

The Court now moves on to its analysis of the sufficiency of the Amended Complaint. In its opposition to the Motion to Dismiss, the EEOC argues that the Amended Complaint adequately pleads that TSM and TSV operate as single employers or an integrated enterprise and joint employers. According to the Amended Complaint: (1) TSM is the parent company of TSV (Docket No. 40 ¶17); (2) TSM

---

[3] At best, the Certificates of Existence that TSM has offered raise a question of fact concerning the alleged interrelated operations between TSM and TSV. It is well-known, however, that the Court is precluded from deciding issues of fact, which are reserved for the trier of fact. *See Puerto Rico Elec. Power Auth. v. Liberty Mut. Ins. Co.*, No. 20-1393, 2021 WL 3293622, at *2 (D.P.R. Aug. 2, 2021) (issues of fact are not decided by the court on motion to dismiss or on summary judgment).

handles employee relations issues for TSV, including the matters at question here for the claimant; (Docket No. 40 ¶18); (3) TSM was aware that claimant filed an EEOC Charge of Discrimination (*Id.* at ¶19); (4) TSM and its human resources official, Iliana S. Rodríguez Torres, received notice of the claimant's EEOC Charge of Discrimination; (*Id.* at ¶20); (5) the TSM reasonable accommodation policy controls employee relations for TSM affiliates, including TSV (*Id.* at ¶21); (6) the TSM reasonable accommodation policy applied to the claimant throughout her employment at TSV (*Id.* at ¶22); (7) the name "Triple-S Management," namely, TSM, appears on the heading of the documents for Human Resources that applied to the claimant (*Id.* at ¶23); (8) the TSM human resources policy on reasonable accommodations applies to the claimant (*Id.* at ¶24); (9) the TSM reasonable accommodation policy defines TSM as including "direct or indirect affiliates," which includes TSV (*Id.* at ¶25); (10) TSM makes hiring and re-assignment decisions for TSV and other affiliates such as Triple-S Salud, Triple-S Propiedad, and others (*Id.* at ¶26); (11) TSV and TSM operate as a single or integrated enterprise, and/or joint employer by virtue of the interrelations of their operations and the centralized control over their labor relations (*Id.* at ¶30); and, (12) TSV and TSM share personnel practices for their employees. (*Id.* at ¶31).

At this stage of the proceedings, the Court must accept as true the factual allegations in the Amended Complaint and determine whether it is plausible that the EEOC will be able to satisfy the single employer or integrated enterprise and/or joint employer test. *See Villafañe-Colon v. B Open Enterprises, Inc.*, 932 F. Supp. 2d 274, 279 (D.P.R. 2013); *Polo-Echevarría v. Centro Médico Del Turabo, Inc.*, 949 F. Supp. 2d 332, 337 (D.P.R. 2013). Notwithstanding the correct legal standard of review, TSM unavailingly seeks to impose a higher burden on the EEOC than that which is required of a plaintiff at this juncture. Contrary to TSM's theory, under *Twombly* and *Iqbal*, nothing requires a plaintiff to prove her case in the pleadings. *See Chao v. Ballista,* 630 F. Supp. 2d 170, 177 (D. Mass. 2009).

After a careful analysis of the Amended Complaint, the Court finds that the well-pled allegations contained therein, taken as true and indulging in all inferences in the EEOC's favor, contain enough factual matter to show that TSM satisfies at least one of the tests for either single employer or integrated enterprise or joint employer pursuant to the ADA. *See Torres–Negrón*, 488 F.3d at 42 (citing *Romano*, 233 F.3d at 662); *Meléndez-Fernández, supra.* Contrary to TSM's threadbare arguments, the allegations in the Amended Complaint go beyond simply stating that TSM operates as the claimant's employer, or similarly worded conclusory statements. The Amended Complaint contains specific factual matter to demonstrate at the initial pleading stage a potential interrelation between TSM and TSV's operations, common management between these two entities, and centralized control over the claimant's labor relations. More precisely, the Amended Complaint sufficiently pleads that TSM had control over the policies involving reasonable accommodation for employees like the claimant, that TSM may have participated in, or had a certain level of control over, the claimant's employment, including her reasonable accommodation requests and denials thereof, the claimant's applications for new positions because of her disability, reassignment applications, and denials of reassignment requests. The Court therefore finds that the Amended Complaint contains enough non-speculative allegations to show that TSM and the claimant are sufficiently related such that TSM's "actions . . . can be attributable to the legal employer." *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1, 4 n.2 (1st Cir. 2006).

To summarize, the Court finds that the EEOC's Amended Complaint sufficiently states a plausible claim of entitlement to relief, which is what is required to withstand TSM's 12(b)(6) Motion to Dismiss. Accordingly, dismissal of the case against TSM is not warranted at this time. *See Bonilla v. Liquilux Gas Corp.*, 812 F. Supp. 286, 289 (D.P.R. 1993) (denying a motion to dismiss even though a defendant is not the immediate employer of the plaintiff employee because "entities which exercise significant control over an employment situation may be proper defendants in a Title VII action") (citations omitted); *Correa-Martínez v. Arrillaga-Belendez*, 903

F.2d 49, 52 (1st Cir. 1990) (dismissal is proper when "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.")[4]

### III. The Motion to Strike

TSM has also brought, in the alternative, a Motion to Strike as "immaterial" all references to TSM in the Amended Complaint pursuant to Fed. R. Civ. P. 12(f). As the moving party, TSM bears the burden to show that the allegations should be stricken under Rule 12(f). Under said rule, a party may move to have the court "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) "motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (quoting *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985)). Courts disfavor motions to strike "because 'striking a portion of a pleading is a drastic remedy and . . . it is often sought by the movant simply as a dilatory or harassing tactic.'" *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (citing 5C Charles Alan Wright, et. al., Federal Practice & Procedure § 1380 (3d ed. 2011)).

Moreover, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Manning*, 725 F.3d at 60 (quoting *Twombly*, 550 U.S. 563 n.8). Although striking portions of a pleading is disfavored by the courts, they have "considerable discretion" to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f); *Alvarado–Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988); and *Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985).

---

[4] On a final note, TSM did not place the Court in a position to award it the type of relief it requested. TSM is free to renew its request in due course through another dispositive motion once discovery has been completed and it is in a position to prove its argument through proper evidentiary support.

Again, TSM argues that the allegations made against it in the Amended Complaint "provide an erroneous perception of" it because TSM is not part of the contractual relationship between TSV and the claimant. Aside from that conclusory and broad claim, TSM fails to point to any specific paragraph or precise matter within the four corners of the Amended Complaint that should be stricken for being "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Merely arguing in a conclusory manner, without any specificity or well-developed form of argumentation, that the EEOC's allegations are "incorrect" as it pertains to TSM does not come close to meeting the requirements of Rule 12(f). TSM also fails to argue how, if at all, including it as a defendant in this case would prejudice it or confuse the issues before the Court's consideration. To the contrary, the Court previously found that the Amended Complaint adequately states a plausible claim of entitlement to relief as it pertains to TSM. Simply stated, TSM did not meet its burden to cause the Court to strike any mention of TSM in the Amended Complaint. For the foregoing reasons, the Motion to Strike does not pass muster.

### IV.    Conclusion

For the reasons discussed above, the Court **RECOMMENDS** that TSM's Motion to Dismiss and Motion to Strike (Docket No. 44) be **DENIED**.

The parties have fourteen days to file any objections to this Report and Recommendation. Failure to file the same within the specified time waives the right to appeal this Report and Recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia Copete*, 792 F.2d 4 (1st Cir. 1986).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 17th day of February 2023.

MARSHAL D. MORGAN
United States Magistrate Judge