IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,<br>    Plaintiff,<br><br>    v.<br><br>**TRIPLE-S VIDA, INC. ET AL**,<br>    Defendant. | CIV. NO. 21-1463 (MDM) |

## OPINION AND ORDER

Pending before the Court is Triple-S Vida, Inc., and Triple S Management Corporation's (hereinafter "defendants") Motion seeking a protective order enjoining the plaintiff from deposing an individual which plaintiff has identified as a person with potentially relevant information, namely, the Human Resources official that received notice of the plaintiff's Equal Employment Opportunity Commission ("EEOC") charge of discrimination. (Docket No. 88). Defendants broadly claim that that person has minimal knowledge of the facts as alleged in the complaint and therefore the Court should enjoin plaintiff from taking her scheduled deposition.

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring *wide-ranging* discovery of information." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002)). To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The burden of demonstrating good cause rests on the proponent of the protective order. *Pub. Citizen v. Liggett Grp., Inc.,* 858 F.2d 775, 789 (1st Cir. 1988). Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 532 (1st Cir. 1993) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)).

To support a protective order under Rule 26(c), the moving party must show "good cause" for protection from one or more of the harms identified in Rule 26(c)(1) with particular and specific facts, as distinguished from stereotyped and conclusory statements. *See Fears v. Kasich* (*In re Ohio Execution Protocol Litig.*), 845 F.3d 231, 236 (6th Cir. 2016); *Rucabado-Rodríguez v. Am. Airlines,* (D.P.R. Feb. 3, 2022). Here, the defendants did not meet that burden.

Instead, defendants offer only a generalized conclusory statement that the woman the plaintiff intends to depose has "trivial involvement in the facts alleged in the Complaint," making her deposition irrelevant, but defendants fail to substantiate those claims with any particularized facts. Moreover, a party seeking to quash a deposition in its entirety must show "extraordinary" or "exceptional" circumstances. *E.g., Prozina Shipping Co., Ltd. v. Thirty–Four Automobiles,* 179 F.R.D. 41, 48 (D. Mass. 1998) (prohibiting taking of deposition is extraordinary measure for which the moving party has the burden of showing extraordinary circumstances based on specific facts that would justify such an order). *See B. Fernandez & Hnos., Inc. v. Int'l Bhd. of Teamsters*, 285 F.R.D. 185, 186 (D.P.R. 2012). Defendants fell well short of establishing such extraordinary or exceptional circumstances that would warrant the type of relief its requesting. Furthermore, the undersigned is of the opinion that it is not the role of the courts to interfere

Case 3:21-cv-01463-FAB-MDM   Document 96   Filed 04/26/23   Page 3 of 3

EEOC v. Triple-S Vida, Inc. et al.                                                                  Page 3
Civil No. 21-1463 (MDM)

with, or micromanage, the parties' discovery efforts, when they are reasonably and properly conducted. In the same vein, specifically concerning depositions, the undersigned is not inclined to prevent a party from taking what appears to be a *bona fide* deposition of an individual who that party reasonably believes has relevant knowledge of the pertinent facts, absent good cause.

In sum, because the defendants have not offered good cause for the issuance of a protective order, the Court is not willing to preemptively disallow good faith discovery or the taking of a *bona fide* deposition. Defendants' Motion for a protective order at Docket No. 88 is thus **DENIED**. Plaintiff's scheduled deposition will go forward as planned. As plaintiff's counsel has recognized, however, if the plaintiff concludes that the witness has no useful knowledge that could lead to relevant information, counsel is **ORDERED** not to unreasonably extend the deposition.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of April 2023.

MARSHAL D. MORGAN
United States Magistrate Judge