# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,<br>    Plaintiff,<br><br>    v.<br><br>**TRIPLE-S VIDA, INC., ET AL.**,<br>    Defendants. | **CIV. NO**. 21-1463 (FAB-MDM) |

## MINUTE ORDER

The case was called for a Discovery Hearing on May 5, 2023, at 11:02AM, via video conference before the Hon. Marshal D. Morgan. Counsel Carmen Manrara Cartaya, counsel Beatriz Biscardi-Andre and Counsel Melissa Marie Castillo were present representing the plaintiff Equal Employment Opportunity Commission ("EEOC"), and counsel Enrique A. Del Cueto-Pérez and Alberto J. Farmer-Del Toro were present representing the defendants Triple-S Vida, Inc., ("TSV") and Triple-S Management Corporation ("TSM) (together the "defendants").

I. **Factual and Procedural Background**

The Court began the hearing with a summary of important procedural events, which provide relevant context for the findings and rulings made by the undersigned during the hearing. The EEOC filed a Motion to Compel at Docket No. 61, arguing that the defendants had not produced much, if any, of the documents and information requested since September 2022 as part of the discovery process. The EEOC thus sought an order compelling the defendants to make the pertinent disclosures. Even after the motion was filed, the defendants elected not to make any productions to the EEOC to address the discovery issues raised by EEOC's Motion to Compel, and only made a minimal

preliminary production.[1] The Court later Ordered the parties to meet and confer and instructed them to try to the resolve the pending discovery disputes without further intervention from the Court for judicial economy. (Docket No. 82). As a result of the Court's Order, the parties conducted a meet and confer where they reached certain discovery agreements, which are memorialized in the parties' "Conferral report on [the] EEOC's pending motion to Compel defendants' discovery." (Docket No. 85). The Court consequently found the Motion to Compel to be deemed as moot. Following their conferral, the defendants nevertheless failed to abide by the agreements mutually reached by the parties and failed to engage in a good faith and adequate discovery exchange.

More specifically, by the date of this hearing, the defendants had failed to comply with established deadlines to produce discovery on at least three occasions, including, the Court mandated April 30, 2023, deadline. First, the defendants failed to produce any documents or information on **April 7, 2023**, a deadline which defendants themselves proposed during the parties' conferral meeting. (*See* Docket No. 87, at 1-2). Because of the defendants' failure to comply with said deadline, and hoping to avoid further non-compliance, the EEOC requested the Court to give defendants a Court imposed deadline to produce the pending discovery and to impose sanctions if they failed to comply. The Court granted the EEOC's request, in part, and established a deadline of **April 20, 2023**, for the defendants to comply with the agreed upon production. (Docket No. 89). In so doing, the Court allowed the defendants *more* time than that which was originally agreed to and held off on imposing sanctions against the defendants *at that time*. The EEOC also requested a hearing to resolve still pending discovery issues arising out of the defendants' unwillingness to produce much of the discovery requested by the EEOC. The Court thus set a

---

[1] By this time, the Court had denied TSM's Motion to Dismiss, but defendants nevertheless maintained their objections and refused to produce responsive information and discovery related to TSM.

discovery hearing for April 27, 2023, to assist the parties in resolving their pending discovery disputes. *Id*. The hearing was later re-scheduled for May 5, 2023.

Second, the defendants missed the Court-Ordered deadline of April 20, 2023, and sought an extension of time until April 30, 2023, to comply with the production. (Docket Nos. 89, 91). The Court granted the defendants' request, and they were **ORDERED** to produce the pending supplemental discovery by **April 30, 2023**. (Docket No. 92).

On April 24, 2023, the EEOC, with no opposition from the defendants, filed a motion requesting that the Court extend the current discovery deadline, which is **June 23, 2023**. (Docket No. 94). This deadline was set by the Court back in January 2023. (Docket No. 61). "[B]ecause of Defendants' delays, time has passed and . . . Defendants have not produced any electronically stored information, have not responded to agreed-upon interrogatories, and have not produced other key relevant information. The EEOC therefore needs more time to make up for Defendants' delays in producing information the EEOC needs for its depositions." (Docket No. 94). Accordingly, the EEOC sought forty-five days of additional time for discovery and the extension of all other remaining deadlines. *Id*.

The next day, the Court **denied** the request stating as follows:

> The pretrial and trial dates, which have been set by the presiding judge, Senior Judge Francisco A. Besosa, and which involve his calendar and his availability, will not be disturbed. Because these dates cannot be altered by the undersigned, the requested extensions of time are not feasible and therefore the EEOC's "Unopposed motion for extension of time for discovery and all other remaining deadlines" at Docket No. 94 is **DENIED**. If the parties prefer the more flexible proposed schedule, the undersigned is amenable to entertaining such a request, but it can only do so if the parties consent to magistrate judge jurisdiction.

(Docket No. 95).

On May 4, 2023, in preparation for the May 5, 2023, discovery hearing, the EEOC filed a motion detailing the outstanding discovery disputes. (Docket No. 99.) In that motion, the EEOC also *renewed* its prior request for costs and attorney's fees as a result of the defendants' conduct which had delayed production of discovery for several months and had forced the EEOC to incur in unnecessary expenses like cancelling already booked airfare and hotel reservations, reschedule depositions, and file motions seeking relief from the Court for discovery violations. Additionally, the EEOC *renewed* its request to impose discovery sanctions against the defendants for continued discovery violations.

Finally, after hearing from the parties, it became apparent, that the defendants also willfully failed to comply with the Court's **April 30, 2023**, deadline, without any justification.

To recap on the relevant impending deadlines, the discovery deadline is right around the corner, namely, **June 23, 2023**. A Pretrial/Settlement Conference is scheduled for **October 2, 2023,** and a Jury Trial is scheduled for **October 9, 2023**, both before Senior Judge Francisco A. Besosa. (Docket No. 21).

II.     **Discovery Standard**

The discovery rules "require the disclosure of all relevant information so that ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts . . . ." *González v. ETourandTravel, Inc.,* 2014 WL 1250034 at *2 (M.D. Fla. Mar. 26, 2014) (quotes and cite omitted). Evidence is relevant, under the definition found in Federal Rule of Evidence 401, if "it has *any tendency* to make a fact *more or less probable* than it would be without the evidence; and . . . the *fact is of consequence in determining the action.*" Fed. R. Evid. 401. Hence, "[t]he scope of discovery under [Fed. R. Civ. P. 26(b)(1)] is *broad* and includes 'discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action.' *Hickman v. Taylor,* 329 U.S. 495,

507–08 (1947)." *Id.* Those resisting discovery must "show specifically how the objected-to request is unreasonable or otherwise unduly burdensome." *Id.*

### III. **The Discovery Hearing**

The EEOC began the hearing by claiming that the defendants still had not produced most, if not all, of the documents they had agreed to produce during their meet and confer session. The EEOC also stated that the defendants failed to abide by various deadlines, including the Court Ordered deadline of **April 30, 2023**—a deadline which had been extended by the Court at the defendants' request. (*See* Docket No. 92). On their part, when afforded an opportunity to defend themselves against these allegations, the defendants could not fashion a coherent, reasonable, or defensible explanation as to why they had continuously failed to engage in proper and good-faith discovery, why they had repeatedly ignored discovery deadlines, and why they had taken a position of not producing relevant, non-privileged, information and documentation that the EEOC had been requesting as far back as September 2022. Equally egregious was the fact that the defendants have utterly failed to offer the Court a plausible or justifiable reason for freely choosing to ignore the Court's unequivocal deadline of April 30, 2023, for producing outstanding discovery.

Having established the factual background surrounding discovery, the Court went on to discuss each of the items argued by the EEOC in its Notice of pending discovery matters at Docket No. 99, all of which had particular urgency given the fact that the discovery deadline was fast approaching. Because of the defendants' dilatory and obstructionist discovery strategy, the EEOC has been unable to obtain relevant evidence that is crucial to its lawsuit, has been unable to take depositions, and has therefore been unable to litigate its case effectively. To be sure, the discovery deadline is **June 23, 2023**. That deadline was extended by the undersigned on January 25, 2023, at the request of the parties. (*See* Docket No. 71). The original deadline was March 21, 2023.

Beginning with <u>Interrogatory Nos. 1-10</u>, the EEOC basically stated that defendants are refusing to provide relevant information concerning the identity of employees working at TSV who had been transferred to a new position as part of a reasonable accommodation request made to TSV, TSM, or any of their affiliates. In response, the defendants argued that they indeed have objected to answering these interrogatories claiming that they do not have the authority to provide *any* information regarding their affiliates as they are not parties to this litigation. In reply, the EEOC explained that the information requested is relevant to its claims particularly because the defendants claim in their answer to the complaint that they provided the Charging Party, Ms. Ivelisse González ("Ms. González"), a reasonable accommodation *through one of their many affiliates.*

To start, the Court believes that the EEOC's discovery requests do not go beyond what is relevant to the EEOC's claims and to the defenses raised by the defendants. Additionally, after hearing arguments from both parties, the Court found that the defendants are estopped from using its affiliates as a sword claiming all the benefits of purportedly having provided Ms. González a reasonable accommodation through its affiliates while at the same time using its affiliates as a shield for providing relevant discovery information. The information requested about the defendants' affiliates is undoubtedly related to the EEOC's discrimination and failure to accommodate claims. Moreover, the Court specified that it appears as though the defendants are "talking out of both sides of their mouth" when, on the one hand, they are conveniently in possession, custody and control of information that benefits their case, like asserting as a defense that Ms. González was accommodated at one of its *affiliates*, when she was transferred from TSV to Triple-S Salud. But, on the other hand, defendants object to producing information requested by the EEOC

related to such actions and transfer, by self-servingly claiming that they cannot provide *any* information regarding Triple-S Salud or any of its affiliates.[2]

The Court thus found that defendants are estopped from claiming on one hand that they acted lawfully by providing a reasonable accommodation to Ms. González through one of its affiliates while at the same time claiming to be powerless to providing information regarding such affiliates. That explanation simply doesn't jibe. It cannot be that defendants selectively elect to produce information regarding their affiliates, *only* when it furthers their defenses, but they object zealously to providing such information regarding their affiliates when asked by the EEOC by blanketly saying they are "not authorized" to produce information from their affiliates because they are not parties to this litigation. Defendants' position is unjustified and certainly does not embody good faith discovery efforts.

The Court therefore **ORDERED** the defendants to respond to these interrogatories in good faith, including answering questions related to their affiliates to the extent that the information is within their purview, knowledge, and/or control and which they can plausibly answer. To be clear, the Court Ordered the defendants to produce relevant information over which the Court found TSV and TSM to be in possession, custody, and control.[3] To be sure, defendants must answer interrogatories and requests for production of documents *not* on behalf on non-parties, but rather, on behalf of themselves.

Moving on to the second issue, Decision-Maker documents, the EEOC requested documentation related to the decision-makers that decided Ms. González' requests for reasonable accommodation and those involved in

---

[2] Based on the defenses asserted by the defendants it appears as though they indeed are in possession, custody, and/or control of information concerning their affiliates, at least, concerning some of the relevant evidence that the EEOC is seeking, namely, Ms. González' transfer to one of the defendants' affiliates. The defendants must produce such relevant information and documents.

[3] "Rule 34 allows a party to serve on any other party a request to produce documents or electronically stored information within the responding party's possession, custody, or control." *Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 318 F.R.D. 224, 228 (D.P.R. 2016) (Besosa, J.).

the interviewing and hiring process for at least one of the positions for which Ms. González applied. More specifically, the EEOC requested information concerning five (5) key decision makers pertaining to Ms. González' claims, including, information and documents related to their dates of employment, whether disciplinary action was taken against them, their job description, performance evaluations, communications that refer or relate to complaints made by the employee regarding supervisors, other employees, or work conditions, and related information. The EEOC maintains that such information is relevant in order to evaluate and litigate its causes of action. In response, the defendants informed the Court that they were currently producing information related to those five (5) decision makers and have been providing their discovery answers, in general terms, "on a rolling basis." The defendants nevertheless maintained that they were *only* disclosing the information and documents which *they* deemed to be relevant.

The Court found the documents requested by the EEOC to be relevant and further found that the discovery requests are not overly broad, not unduly burdensome, and the type of documentation routinely requested and exchanged in discrimination cases. Furthermore, the Court made clear that unreasonably maintaining generic and boilerplate objections to producing relevant and proper discovery, without any reasonable attempts at offering truthful and real answers to them, would not fly. The Court thus **ORDERED** the defendants to re-evaluate these discovery requests and their objections to them and **ORDERED** them to reasonably and sensibly produce the documentation requested pertaining to those decision makers. The Court also noted that the parties could agree on a Protective Order to appease some of the defendants' concerns and could also stipulate that the information and documents produced cannot be used for any purpose outside of the current litigation.

Moving on to the request for ESI Metadata, the EEOC began by declaring that the defendants had agreed to produce the electronically stored

information ("ESI") metadata with its production of documents, subject to the defendants' ability to do so without incurring in excessive expenses and costs. Despite their agreement, the EEOC stated that defendants have nevertheless failed to produce any ESI metadata. As to the defendants' contention that they will only produce ESI metadata, if it does not represent "excessive expenses and costs," the EEOC argues that defendants have not produced any information to support the position that producing metadata would be excessive in expenses and costs and therefore the EEOC requested that the Court Order the defendants to produce the requested ESI with the corresponding metadata. In response, other than asserting that they are "trying" to make the appropriate disclosures in "good faith," the defendants did not offer any justifiable objection to failing to disclose this information, which they had already agreed to produce in the first place. The defendants also failed to explain how routinely exchanged ESI metadata would force them to incur in excessive or undue costs. Noticeably, the Court is cognizant of the fact that litigation is costly, but that is not a blanket excuse for obstructing the litigation process. The parties shall incur in the expenses necessary to properly litigate this case.

The Court thus **ORDERED** the relevant ESI metadata to be produced by the defendants forthwith. In the event that some ESI metadata responsive to the EEOC's request did *not* exist, the Court directed that the defendants shall certify the same on the record.

Next, the Court and the parties discussed the request for <u>Joint Employer Documents or Integrated Enterprise Documents</u>. The EEOC has pleaded in its complaint that TSV and TSM operate as an "integrated enterprise" or as "joint employers." Taking the facts alleged in the complaint in the light most favorable to the non-moving party, the Court has already **denied** TSM's Motion to Dismiss, finding that TSM would have to prove, in due course, with proper uncontested evidence, that it did not operate as Ms. González' joint employer. According to the EEOC, despite the Court's ruling, the defendants

have continued to object to producing documents responsive to requests on the question of joint employer liability. The Court then heard from the defendants who failed to offer a valid reason for continuing to refuse to produce this relevant information. The Court opined that defendants cannot advance the defense of *not* being joint employers on one hand, and on the other hand, *refuse* to produce information and documents that might have a bearing on that factual question. As such, the Court **ORDERED** the defendants to produce this relevant information forthwith. If needed, and if so requested by the defendants, the Court offered to have the documents reviewed in-camera *before* producing them to the EEOC. No such request was made by the defendants.

With respect to the EEOC's request for the Insurance Agreements, the EEOC argued that the defendants continue to object to producing the applicable liability insurance agreements that pertain to employment discrimination suits like the one at bar. The EEOC claims that the defendants have identified that one such insurance agreement exists. After hearing from the defendants, who failed to advance a valid reason for not disclosing the requested agreement, the Court **ORDERED** the document to be produced. Again, if needed, and if deemed necessary by the defendants, the Court offered to review the documents in-camera *before* they are produced to the EEOC. No such request was made by the defendants.

The Court then moved on to the pending discovery disputes related to the defendants' failure to comply with its agreements in the Conferral Report. Beginning with the deficiencies from TSV's Supplemental Interrogatories, the EEOC claims that several of the defendants' responses are deficient and that the EEOC wishes for the defendants to supplement their answers. The EEOC noted that it specifically outlined the deficiencies in the answers provided in its conferral email to the defendants, so they should know exactly what information the EEOC is specifically interested in receiving. The defendants unavailingly explained their objections.

As to interrogatories, 1-2, 1-3, and 1-9, the EEOC claimed that the defendants have not produced any legal support that would justify not disclosing information that the defendants deem to be privileged. Nor have the defendants produced a privilege log to identify any purportedly privileged documents that they are refraining from disclosing. The Court noted that if the defendants are going to maintain that a document is privileged, and therefore, not produce it, it is a routine practice to prepare a privilege log and explain why they believe such document is privileged.

The defendants, in turn, indicated that while they have shared databases with their affiliates, they only produced information readily available to TSV and TSM and maintained their objection that they are "not authorized" to answer some of the EEOC's interrogatories related to their affiliates.

The Court first found that the EEOC's discovery requests do not go beyond what is relevant to the EEOC's claims and to the defenses raised by the defendants. The Court also reiterated its prior ruling that defendants cannot selectively produce information regarding their affiliates, *only* when it suits their case, but zealously object to providing such information when it does *not*. Defendants' position is unjustified, untenable, and contrary to the nature of good faith discovery. The Court thus **ORDERED** the defendants to respond to these supplemental interrogatories, including answering questions related to their affiliates to the extent that they can plausibly answer them, that they have knowledge of such information, and it is within their purview and/or control. Again, the Court **ORDERED** the defendants to produce relevant information over which the Court found TSV and TSM to be in possession, custody, and control. Once more, the Court **ORDERED** the defendants to answer the discovery requests *not* on behalf on non-parties, but rather, on behalf of themselves.

With respect to interrogatory no. 6, the defendants agreed to supplement their answer forthwith.

Concerning <u>interrogatory no. 7</u>, which asks the defendants to name the person responsible for making a key employment decision with respect to Ms. González' reasonable accommodation requests, the Court was dumbstruck to learn that defendants had objected to this question and had even provided false responses. After hearing from the defendants, the Court observed that it was witnessing an abuse of practice with the defendants' obstructionist tactics with respect to discovery. The Court found that the defendants have basically stonewalled the EEOC for eight (8) months and had only exchanged minimal and insufficient discovery. As a result of the defendants' improper and imprudent conduct, the EEOC now finds itself a few months away from trial, spinning its wheels trying to get necessary and relevant discovery to prove its case. The Court opined that because of the defendants' unjustified, willful, and continuous refusal to produce relevant evidence, we are one (1) month away from the discovery cut-off date and the EEOC has basically received "nothing" in response to its eight-month-old discovery request. The Court also found that the objections raised by the defendants were boilerplate and unavailing and their undue procrastination and stonewalling was unjustified, unreasonable, and abusive. In the end, the defendants stated that they would revisit and supplement this interrogatory, as necessary.

With respect to <u>interrogatory no. 13,</u> the defendants agreed to revisit it and respond accordingly.

Next, the Court and the parties discussed the defendants' alleged <u>failure to produce documents which they had already *agreed* to produce as part of the parties' meet and confer session, which is memorialized in the parties' Conferral Report</u>. To recap, the EEOC had previously requested in one of their filings that the Court sanction the defendants for their delay and order the immediate production of the agreed upon discovery. Now, the EEOC again requested the imposition of sanctions because the Court Ordered deadline of **April 30, 2023** (Docket No. 92) came and went, and no documents were produced by the defendants. The EEOC therefore demanded the imposition of

sanctions against the defendants, which the Court held in abeyance to mull over after a short break.

The Court then discussed <u>TSM's Responses to the EEOC's First Set of Interrogatories</u>. The EEOC explained that after the Court denied TSM's Motion to Dismiss the EEOC's Amended Complaint, the EEOC issued interrogatories to TSM. The deadline for TSM to respond to the EEOC's interrogatories was April 26, 2023. TSM however failed to provide its responses to the interrogatories and did not request an extension from either the EEOC or from the Court. The EEOC thus requested that the Court order TSM to respond to the EEOC's First Set of Interrogatories by no later than May 10, 2023. The defendants agreed to respond to these interrogatories by **May 8, 2023**. The defendants shall abide by such deadline.

<u>Finally</u>, the <u>EEOC requested the imposition of attorneys' fees and costs</u> against the defendants for unreasonably and excessively delaying the production of discovery for several months. The EEOC had previously made this request, but the Court had denied it. The EEOC nevertheless re-affirmed its request. The EEOC explained that the defendants' continued unjustified delay and obstruction have forced it to cancel already booked airfare and hotel reservations, reschedule depositions, and file motions seeking relief from the Court. The Court then heard from the defendants who simply alleged that they have been "*trying* to do this in a good faith manner." Defendants' intransigent and dilatory discovery tactics belie that statement. The defendants have failed miserably to justify their delays and obstructionist conduct.

Accordingly, pursuant to Fed. R. Civ. P. 37(c)(1)(A), based on the defendant's intransigent and dilatory litigation tactics and failure to conduct good faith discovery efforts, the Court **ORDERS** the defendants to pay the EEOC its reasonable attorney's fees and costs incurred in having to: (1) repeatedly seek information not provided by the defendants in their responses to interrogatories and requests for production of documents that were propounded as far back as September 2022, (2) pursue a Motion to Compel

discovery, (3) prepare the Notice of pending discovery issues and other motions seeking relief from the Court; (4) cancel already booked airfare and hotel reservations; and (5) reschedule depositions. The Court **ORDERED** the EEOC to submit a specific and detailed breakdown of the reasonable attorneys' fees and costs incurred by it as a result of defendants half-hearted and dilatory discovery efforts and delayed production of discovery.

Furthermore, the Court found that the EEOC has already been prejudiced and continues to be prejudiced by the defendants' unreasonable delays and discovery violations. The Court also opined that defendants are not taking this matter seriously and thus **ORDERED** the defendants to supplement the pending discovery responses discussed during today's hearing by **May 12, 2022**. The Court referred to the May 12 deadline as a "drop dead date" and warned the defendants that more sanctions could be imposed if they did not meet such deadline.

## IV. **Discovery Sanctions**

After a short break, the Court re-convened to discuss the EEOC's request to impose sanctions against the defendants for various discovery violations and failure to comply with the Court's Orders.

A federal court may impose various sanctions when a civil litigant fails to respond to a discovery request or fails to comply with a Court Order, as it should. These sanctions have the purposes of: punishing the responding party's discovery failure and assuring that the party will not profit from its failure; compensating the court and other parties for the added expense and difficulties caused by the failure; specifically deterring the responding party from future misconduct and securing its compliance with a particular discovery order or other discovery duties; and generally deterring discovery abuses by other litigants. District courts rely on various authorities and procedures when considering sanctions for discovery failures. Pertinent here, Federal Rule of Civil Procedure 37 authorizes sanctions where a party has failed to respond to

discovery or has violated a Court Order directing discovery. *See* Fed. R. Civ. P. 37. Both violations are present here.

Under Rule 37, the district court maintains a variety of tools at its disposal to sanction a party who violates discovery orders, from staying the proceedings to entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). District courts may impose such sanctions with an eye both to penalize the particular noncompliance and to deter others from engaging in the same tactics. *Companion Health Servs., Inc. v. Kurtz,* 675 F.3d 75, 84 (1st Cir. 2012) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976) (per curiam)). The choice of sanction lies in the purview of the district court and the courts of appeals review for abuse of discretion. As the First Circuit Court of Appeals has observed in the past, "this standard of review is not appellant-friendly—and a disgruntled litigant bears a heavy burden in attempting to show that an abuse occurred." *Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002); *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015).

The discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. *State ex rel. Madlock v. O'Malley*, 8 S.W.3d 890 (Mo. 1999). The rule authorizing a variety of sanctions for discovery-related abuses affords the district court broad discretion in fashioning an appropriate sanction. Fed. R. Civ. P. Rule 37(b), 28 U.S.C.A. *Pall Corp. v. 3M Purification Inc.*, 2011 WL 1118466 (E.D.N.Y. 2011). The goal of a sanction for discovery violations is both to penalize wrongful conduct and to deter future similar conduct by the particular party and others who might be tempted to engage in such conduct in the absence of such a deterrent. Fed. R. Civ. P. Rule 37; *Companion Health Services, Inc. v. Kurtz*, 675 F.3d 75 (1st Cir. 2012).

The First Circuit has set out a non-exhaustive list of factors for consideration when reviewing whether Rule 37 sanctions should be imposed,

some substantive and others procedural. *Vallejo v. Santini–Padilla,* 607 F.3d 1, 8 (1st Cir. 2010). More specifically, the First Circuit has called on district courts to weigh the severity of the discovery violations, the legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions. *Id.* On the procedural side, appellate courts consider whether the district court gave the offending party notice of the possibility of sanctions and the opportunity to explain its misconduct and argue against the imposition of such a penalty. *Id.*

Here, at the outset, the defendants were afforded due notice of the possibility of the Court imposing sanctions. First, the EEOC had explicitly requested, on more than one occasion, the imposition of sanctions. Second, the defendants were explicitly warned by the Court through prior Orders that it would impose sanctions for discovery violations and for any party's willful failure to conduct discovery in good faith. Third, the EEOC reiterated its request for sanctions during the hearing. The defendants were also given a reasonable amount of time to prepare a defense both during the hearing and prior to it (through responses to the EEOC's various requests for sanctions).

During the hearing, the Court noted that it had already made a substantial record highlighting the discovery abuses that have been perpetrated by the defendants. As the Court ably and convincingly described, the defendants' conduct here has been severe, repeated, and deliberate, with no legitimate or mitigating explanation for their noncompliance. Defendants stonewalling has frustrated, and will continue to frustrate, the EEOC's ability to prosecute this lawsuit and the Court's ability to manage its docket. *See AngioDynamics, Inc.*, 780 F.3d at 435. Here, little if any discovery has been produced by the defendants after eight months. Additionally, defendants willfully ignored and disobeyed the Court's Order to produce the supplemental discovery by April 30, 2023, after having been granted various extensions. In sum, the defendants' failure to comply with their discovery obligations, their

failure to timely make disclosures, and their failure to comply with the Court Order at Docket No. 92, has and will continue to cause irreversible prejudice to the EEOC by effectively preventing it from properly preparing for, and taking, needed depositions in time to comply with the presiding judge's looming discovery deadlines.

Based on the foregoing conduct, the Court found that the imposition of additional monetary sanctions against the defendants was warranted for their unjustified dilatory tactics that have been demonstrated throughout this litigation, and for their imprudent discovery strategy and stonewalling.

In conclusion, based on the defendants' discovery-related abuses, deliberate misconduct, and unjustified failure to comply with the Court's lawful Order, combined with their unjustified and willful delay in responding to relevant discovery requests, the Court **ORDERS** the defendants to pay a monetary sanction to the Clerk of the Court in the amount of $5,000.00. The sanction shall be paid by **May 31, 2023**. The parties may appeal this decision to the presiding judge who may reconsider any pretrial matter, pursuant to 28 U.S.C. §636(b)(1)(A), where such decision has been shown to be clearly erroneous or contrary to law.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of May 2023.

                                                    Marshal D. Morgan
                                                    United States Magistrate Judge
                                                    for the District of Puerto Rico

Hearing began at 11:02AM
Hearing ended at 1:15PM