# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br><br> PLAINTIFF <br><br> v. <br><br> **TRIPLE-S VIDA, INC.,** <br> **TRIPLE-S MANAGEMENT, CORP.** <br><br> DEFENDANT | CASE NO.: 3:21-cv-01463-FAB-MDM <br><br> ADA |

## OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

**TO THE HONORABLE COURT:**

**COMES NOW** Defendants Triple-S Vida, Inc. ("TSV") and **Triple-S Management, Corporation** ("TSM") (jointly, "Defendants") by and through its undersigned counsel, and respectfully allege, state, and pray as follows:

### I.     INTRODUCTION

On Friday, May 5, 2023, at 10:30 A.M., the parties attended a Discovery Hearing via videoconference before the Honorable Court (hereinafter, the "Hearing"). During the Hearing, the Honorable Magistrate Judge ordered sanctions against Defendants under Rule 37 of the Federal Rules of Civil Procedure. The Court also ordered Defendants to comply with all pending discovery issues, including those in dispute at the Hearing, by no later than May 12, 2023. Lastly, the Court awarded the Equal Employment Opportunity Commission (hereinafter, the "EEOC" or "Plaintiff") attorney's fees and costs, ordering them to quantify them in a separate motion filed before the Court. Seven days later, on Friday, May 12, 2023, the EEOC filed its *Motion to Quantify Attorney's Fees to be Awarded Pursuant to the Court's Order Awarding EEOC's Attorney's Fees and Costs*

(See D.E. No. 107) (hereinafter, "Motion to Quantify"), which is the subject of the present opposition.

Having reviewed the EEOC's Motion to Quantify, Defendants were shocked to see how the EEOC makes self-serving and inaccurate factual contentions to take advantage of the Court's goodwill towards their position and request $14,478.00 in attorney's fees, an amount Defendants find to be excessive and unwarranted. Indeed, even as the Court expressed that it would award the EEOC attorney's fees and costs, this is not tantamount to giving the EEOC *carte blanche* to request any amount it deems appropriate, especially considering the inaccurate and self-serving nature of their contentions as will be detailed subsequently. Furthermore, it is worth remembering that the Court also ordered the imposition of $5,000.00 in monetary sanctions under Rule 37 against Defendants, adding insult to injury.

As will be further detailed, Defendants now seek to oppose Plaintiff's Motion to Quantify, holding that 1) Plaintiff makes self-serving and inaccurate factual contentions regarding Defendants' behavior throughout discovery, 2) Plaintiff's quantified amounts are unreasonable, and 3) punitive measures already imposed against Defendants make the award duplicative and unnecessarily severe. By the end of the present opposition, Defendants hope that the Honorable Court will issue an order reducing the amounts requested by Plaintiff significantly or otherwise reconsider its ruling and eliminate the award of attorney's fees and costs altogether.

## II.   DISCUSSION

*a.   The EEOC makes self-serving and incomplete factual contentions to malign Defendants*

In its Motion to Quantify, the EEOC paints an incomplete picture of the events that have made up the discovery phase of the present lawsuit. As can be expected, the EEOC narrates these events in such a way as to make the Defendants' conduct appear dilatory, intransigent, and abusive.

Defendants respectfully note that the EEOC has been emboldened by recent rulings in this case, specifically those issued in open Court during the Hearing, causing them, in turn, to strike hard at Defendants' image before the Honorable Court with hyperbole and self-serving omissions when narrating the sequence of events.

For example, the EEOC quickly mentions every event in which Defendants have requested additional time to respond to written discovery requests. It seems clear that the EEOC is attempting to emphasize these events to reach the ultimate conclusion that Defendants have implemented "dilatory efforts." Still, Plaintiff is impeded from arguing that these events occurred in a vacuum, nor that they themselves have consistently and strictly complied with deadlines to answer written discovery requests served by Defendants. Indeed, the EEOC has itself requested additional time to respond to Defendants' discovery requests on at least two occasions: once on December 2, 2022, and again on December 21, 2022. On both occasions, Defendants granted the extension with no qualms whatsoever, demonstrating good faith and flexibility. To be clear, Defendants do not bring up this issue to complain about the EEOC's lack of diligence; instead, Defendants simply wish to shed light on the fact that they are not the only party responsible for the time it has taken to conclude discovery in this lawsuit.

Similarly, on March 30th, 2023, Defendants conferred and emailed Plaintiff regarding the availability of the charging party's husband and physician for a deposition. Due to Plaintiff's lack of response, Defendants had to follow up on April 5th, 2023. At that time, the EEOC's counsel agreed to get back to us as soon as possible, only to answer subsequently in a separate email that Defendants would have to coordinate with the physician independently. As for the charging party's spouse, Defendants attempted to acquire confirmation from the EEOC on May 3rd, 2023, only to be faced once again with the EEOC's lack of response, for which the scheduling of these

depositions has been effectively stalled. Furthermore, unlike the EEOC, Defendants are not contending that Plaintiff is stonewalling or otherwise incurring in dilatory and/or abusive practices; instead, Defendants simply contend that Plaintiff's argument cuts both ways, for which it cannot attribute delays exclusively to Defendants or claim as much with clean hands. Lastly, it is also worth remembering that the Honorable Court itself had played a part in what can be considered a delay in discovery proceedings, vacating the Hearing to discuss Plaintiff's motion to compel on February 16th, 2023, the day before the Hearing was to take place (See D.E. No. 77). In that same order vacating the Hearing, the Court expressed that it would postpone the Hearing so that it would take place at the end of March or the beginning of April 2023; however, as is clear from the case docket, this Hearing did not take place until May 5th, 2023. Again, and risking redundancy, Defendants have no qualms with the Court's decision to vacate or postpone discovery hearings; the matter is simply brought to illustrate that delays in discovery are not entirely the Defendants' fault.

    Defendants do not want to sound petty, for which they clarify that they understand perfectly well that extensions and postponements are part of the discovery process. For this reason, they consider delays in discovery to be an incidental hazard, nearly inevitable in all litigations, and doubly so when one party casts such a wide discovery net as is the case with the EEOC's written discovery requests. Defendants take issue with these delays being attributed to them exclusively and, even worse, being characterized as "stonewalling," dilatory, abusive, and/or incurred in bad faith. In this regard, it is worth noting that both the Honorable Magistrate Judge in open Court and the Plaintiff, in its latest Motion to Quantify, emphasized that discovery began on September 23, 2022, apparently to justify frustration aimed exclusively at Defendants for the time it has taken to conclude discovery and resolve discovery disputes in the present case. While Defendants have

certainly required more time than expected to complete discovery, only through hyperbole and self-serving omissions can it be argued that discovery has been delayed solely because of Defendants' conduct. For this reason, Defendants respectfully contend that the award of attorney's fees was determined prematurely and precipitously, for which it should be eliminated altogether.

> b. *The EEOC's quantified amounts are unreasonable*

Defendants reiterate and maintain that no award for attorney's fees and costs is warranted in this case, at least not at this juncture. That said, if the Honorable Court should disagree with Defendants' fundamental argument, Defendants alternatively argue that, at the very least, the EEOC does not have the right to the amount it quantifies for attorney's fees and costs, especially considering the *lodestar method* favored within the First Circuit.

As recently as 2022, the First Circuit had the occasion to express that the lodestar method is "the method of choice for calculating fee awards." *See* Perez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022), quoting Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015). The lodestar method requires two steps: First, the Court must "calculate the number of hours reasonably expended by the attorneys, excluding those hours that are 'excessive, redundant, or otherwise unnecessary.'" Second, the Court must identify "a reasonable hourly rate or rates — a determination often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." *See* Perez-Sosa, *supra.*, quoting Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014). According to the lodestar method, multiplying the results of these two steps yields the proper award in attorney's fees. Still, this arithmetic exercise is not inflexible, as a court can adjust the lodestar amount if the case's specific circumstances warrant such an adjustment. In other words, a court can raise or lower the lodestar amount. *Id.*

In its Motion to Quantify, the EEOC states that the total of 50.8 hours allegedly expended is reasonable. Still, upon reviewing the attached sworn statements and itemized time reportedly spent by the EEOC's counsel (Exhibits A and B of the Plaintiff's Motion to Quantify), Defendants noticed that many of the time entries were excessive, redundant, or otherwise unnecessary for which they should be discarded according to the lodestar method. Defendants will proceed to itemize, for the sake of organization, the following entries that it respectfully argues should be significantly reduced and/or eliminated:

- "Dec. 15, 2022, and Dec. 30, 2022: Prepare Motion for Leave to File Spanish Language Documents; D.E. No. 60; Review and prepare a translation of exhibits from Spanish to English for EEOC's Motion Submitting Certified Translation of Exhibits Supporting Plaintiffs Motion to Compel Discovery; D.E. No. 63; **2.1 hours.**" *See* Attachment A to Exhibit A of the Motion to Quantify (Carmen Cartaya).
    - <u>Defendants' reasoning as to why it should be discarded from the lodestar calculation</u>: Even if Defendants were determined to be incurring in abusive, dilatory, and bad faith litigation tactics, which they emphatically deny, this entry would have nothing to do with such an issue. For this reason, the amount is excessive in its totality, for which it should be eliminated altogether, equaling **0 hours**. This represents a reduction of 2.1 hours from what the EEOC claims.
- "Jan. 20, 2023: Confer with Defendants' Counsel on EEOC's request for enlargement of time of certain court deadlines; Draft Unopposed Motion for Extension of Time for Discovery and Summary Judgment Motions Deadline. D.E. No. 71; **2.2** hours." *See* Attachment A to Exhibit A of the Motion to Quantify (Carmen Cartaya).
    - <u>Defendants' reasoning as to why it should be discarded from the lodestar calculation</u>: The amount of 2.2 hours is excessive. Conferral with Defendants did not take as long as Plaintiff's contended, and the drafting of the motion for "enlargement of time" is a simple motion that should not exceed half an hour. A more appropriate time would be no more than **1 hour**, which represents a reduction of 1.2 hours from what the EEOC claims.
- "March 7, 8, 9, 10, and 11, 2023: Conferred with Defendants' Counsel via telephone and emails pursuant to the Court's Order ordering the parties to meet and confer over the EEOC's discovery disputes (D.E. No. 82); review Defendants' proposed discovery compromises to resolve discovery disputes; review Defendants' discovery responses and all the briefing submitted to the Court by the parties regarding EEOC's Motion to Compel; **6.8 hours**." *See* Attachment A to Exhibit A of the Motion to Quantify (Carmen Cartaya).

- o <u>Defendants' reasoning as to why it should be discarded from the lodestar calculation</u>: The amount of 6.8 hours is excessive. A more appropriate time would be no more than 2 hours, which represents a reduction of 4.8 hours from what is claimed by the EEOC. Conferral with Defendants did not take as long as Plaintiff's contend, and the review of Defendants' discovery responses is already contemplated in another entry, for which it is repetitive.
- "March 13 and 14, 2023: Drafted, reviewed, negotiated, and filed the 10-page Conferral Report on EEOC's Pending Motion to Compel Defendants' Discovery. D.E. No. 85; **3.7 hours**." *See* Attachment A to Exhibit A of the Motion to Quantify (Carmen Cartaya).
  - o <u>Defendants' reasoning as to why it should be discarded from the lodestar calculation</u>: Defendants aided in drafting the conferral report, for which the amount of time claimed by Plaintiff emerges as excessive. A more appropriate time would be no more than **1 hour**, which represents a reduction of 2.7 hours from what the EEOC claims.
- "May 3 and 4, 2023: Prepare for Hearing on Motion to Compel Defendants' Discovery; conduct research; review supporting exhibits; review all briefing materials on EEOC's Motion to Compel Discovery' review Defendants' responses and objections to EEOC's Discovery requests and Interrogatories; **6.8 hours**." *See* Attachment A to Exhibit A of the Motion to Quantify (Carmen Cartaya).
  - o <u>Defendants' reasoning as to why it should be discarded from the lodestar calculation</u>: The amount of 6.8 hours is excessive. Preparation for the Hearing and research should not have taken more than 3 hours. At the same time, a review of "all briefing materials" and Defendants' responses to written discovery is contemplated in other entries, for which it is a repetitive entry. A more appropriate time would be no more than **3 hours**, which represents a reduction of 3.8 hours from what the EEOC claims.
- "May 5, 2023: Argue EEOC's Motion to Compel Defendants' Discovery before the Court; D.E. Nos. 90, 101; **3.5 hours**." *See* Attachment A to Exhibit A of the Motion to Quantify (Carmen Cartaya).
  - o <u>Defendants' reasoning as to why it should be discarded from the lodestar calculation</u>: The amount of 3.5 hours is excessive. Defendants attended the same Hearing and only billed 2.8 hours. Hence, a more appropriate time would be no more than **2.8 hours**, representing a reduction of 0.7 hours from what the EEOC claims.

In short, Defendants respectfully maintain that, for the foregoing reasons, the 50.8 hours allegedly expended by Plaintiff should be reduced by at least 15.3 hours, for which **the total hours spent should be 35.5 hours**, pursuant to the first step of the lodestar method.

Of course, there is another step to the lodestar method that is no less important than the first. As mentioned, the second step involves determining reasonable hourly rates — a determination often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence. *See* Perez-Sosa, *supra*. With this in mind, the Court must determine whether the hourly rate of $285, claimed by the EEOC, is reasonable within the community for lawyers. Still, one question remains: which community applies? In Plaintiff's Motion to Quantify, the footnote on page four clarifies that the EEOC considers the Miami market to be the community of lawyers applicable to this case. Still, such an argument immediately emerges as unreasonable as it is unsubstantiated.

After all, the Defendants are Puerto Rican corporations, the Court is clearly the District Court for the District of Puerto Rico, and the charging party that the EEOC currently represents resides and works in Puerto Rico. In this case, the only people from Miami are the two attorneys for the EEOC. Hence, to argue that the Miami market represents the community of lawyers, in this case, is borderline nonsensical, for which the hourly argued by the EEOC should be discarded outright. Indeed, the hourly rate of $285 an hour in Puerto Rico is incredibly high, even for attorneys with twice the experience of the EEOC's counsels. As such, the Court should instead consider what a common hourly rate for an attorney of similar experience in Puerto Rico, not Miami is. While such a rate may vary, Defendants note that even the most experienced partner attorneys at their counsels' firm do not bill at an hourly in excess of $175 an hour. For this reason, Defendants respectfully request that, should the Court award attorneys' fees, the rate of **$175 an hour** should rule, according to the second step of the lodestar method.

When multiplying the Defendants' totals as argued above and applying the lodestar method, 35.5 hours must be multiplied by $175 to arrive at the **sum of $6,212.50 in attorney's**

**fees**. Notwithstanding this arithmetic exercise, Defendants reiterate that "the court may then elect to adjust the lodestar amount, either upward or downward, if the specific circumstances of the case warrant such an adjustment." *Id.* With this in mind, Defendants respectfully remind the Honorable Court that the award of attorney's fees and costs is not the only sanction being imposed against Defendants at this time. Indeed, parallel to the issue at hand is the monetary sanction of $5,000.00, which the Court ordered at the end of the discovery hearing. The economic sanctions are currently the subject of a second reconsideration under Rule 72 of the Federal Rules of Civil Procedure, filed by Defendants on May 17, 2023 (D.E. No. 112). While Defendants believe that their reconsideration should be resolved separately, it also notes that it bears some importance to the matter at hand as a punitive measure. Since the $5,000 in monetary sanctions and the award for attorney's fees and costs imposed against Defendants are effectively two sanctions, Defendants respectfully maintain that such punitive measures are duplicative and unnecessarily severe. As such, Defendants believe that attorney's fees and costs should be eliminated altogether, or, at the very least, significantly reduced in light of other punitive measures already imposed. Alternatively, Defendants respectfully suggest that attorney's fees and costs could be assessed, adopting the adjusted amounts described above, instead of the monetary sanctions for the same reason. In any case, Defendants appeal to the Honorable Court's discretion and request it to consider the total circumstances of the case to significantly reduce or otherwise eliminate one or all of the punitive measures imposed.

### III.  CONCLUSION

Defendants are aware that attorney's fees and costs were already awarded to Plaintiff in open Court during the Hearing on May 5th, 2023, albeit without a specific amount. This notwithstanding, Defendants respectfully maintain that this sanction, in concert with the $5,000

monetary sanction imposed against Defendants, makes these punitive measures duplicative and unnecessarily severe. For this reason, Defendants believe that the Honorable Court should eliminate one or both of them completely, or otherwise reduce them in severity, considering the circumstances of the case. Indeed, despite the EEOC's incomplete and self-serving version of events, Defendants cannot be held exclusively responsible for the delays in completing and resolving discovery issues, as both Plaintiff and even the Honorable Court have also had a hand in these delays. Defendants do not blame the Plaintiffs, much less the Honorable Court, for these delays, as necessary extra time and unforeseen difficulties are common hazards in cases with complex discovery requests, such as this one. Defendants have tried to negotiate in good faith with Plaintiff and have indeed conceded too much of what was initially objected to; however, these efforts have actually worked against Defendants, as the EEOC now seeks to press the issue before the Honorable Court, even convincing the Magistrate Judge in open Court that delays and difficulties resulting from these new agreements are in summation to a pattern of obstinate and abusive behavior for which Defendants have virtually held the entirety of discovery hostage. This is far from the truth, and Plaintiff was only successful during the discovery Hearing through ambush tactics and harsh rhetoric. Now that matters have cooled down, Plaintiff seeks excessive attorney's fees and costs using inaccurate and self-serving factual contentions.

Furthermore, Plaintiff fails to mention that this punitive measure is added to the monetary sanctions imposed, making attorney's fees a duplicative punishment against Defendants. For these reasons, Defendants believe that no award in attorney's fees is warranted, for which the Honorable Court should reconsider its order completely. In the alternative, and for similar reasons, the Honorable Court should at least significantly reduce the attorney's fees quantified or the monetary sanctions imposed. This is especially true regarding the former when considering the lodestar

method to evaluate the excessive, repetitive, and unnecessary time the EEOC allegedly expended in this case. Furthermore, based on the Miami market, the hourly rate is also impermissible in a case that very clearly should adopt Puerto Rico as the ruling community of lawyers, parties, and judicial forum. As such, if the attorneys' fees are not eliminated, they should at least be reduced significantly, adopting the Defendants' arithmetic conclusions in addition to the Court's discretionary reduction based on the total circumstances of the case.

**WHEREFORE,** Defendants respectfully request that this Honorable Court:

Reconsider its order and eliminate the award for attorney's fees and costs. Alternatively, significantly reduce attorney's fees to at least $6,212.50, minus an additional discretionary amount considering other duplicative punitive measures already being imposed against Defendants.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on this 25th day of May 2023.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

ÉCIJA SBGB LLC
P. O. Box 363068
San Juan, PR 00936-3068

T: (787) 300-3203
F: (787) 300-3208

*S/ JAIME L. SANABRIA MONTAÑEZ*
JAIME L. SANABRIA MONTAÑEZ
USDC-PR 225307
jsanabria@ecija.com

*S/ ENRIQUE A. DEL CUETO-PEREZ*
ENRIQUE DEL CUETO PÉREZ
USDC-PR 222911
edelcueto@ecija.com

***S/ ALBERTO J. FARMER-DEL TORO***
ALBERTO J. FARMER-DEL TORO
USDC-PR 308314
afarmer@ecija.com