IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
     Plaintiff,

        v.                                    CIV. NO. 21-1463 (FAB/MDM)

TRIPLE-S VIDA, INC., ET AL.
     Defendants.

**OPINION AND ORDER**

### I.      Introduction

On May 10, 2023, defendants Triple-S Vida, Inc., ("TSV") and Triple-S Management ("TSM") (hereinafter "defendants") filed a motion for recusal of the undersigned from presiding over any future proceedings in this action. (Docket No. 103) (the "Motion for Recusal"). Plaintiff Equal Employment Opportunity Commission (the "plaintiff" or "EEOC") filed its opposition to defendants' motion. (Docket No. 110). Defendants then filed a reply. (Docket No. 121).

Because context is particularly important to the merits of this discussion, the Court begins with a necessary prelude of key procedural events that give rise to defendants' recusal petition.

### II.     Background and Statement of Facts

On May 4, 2023, in preparation for the May 5, 2023, Discovery Hearing, and with one month left before the close of discovery, the EEOC filed a motion detailing outstanding discovery disputes all of which were mainly attributed to the defendants' failure to make necessary disclosures and numerous deficiencies in the limited documents actually disclosed. (Docket No. 99.) Because of defendants' continued discovery violations, the EEOC also renewed a prior request for attorney's fees and costs as a result of the defendants' obstructionist conduct, which had delayed production of discovery for several months and had forced the EEOC to incur in

unnecessary expenses like cancelling already booked airfare and hotel reservations, reschedule depositions, and file motions seeking relief from the Court for discovery violations. In addition, the EEOC renewed its request to impose additional sanctions against the defendants for their repeated discovery abuses.

On May 5, 2023, a Discovery Hearing (hereinafter referred to as the "Discovery Hearing") was held before the undersigned via video conference. During the hearing, it became apparent that the defendants had failed to comply with the agreements mutually reached between the parties, had failed to engage in a good faith and adequate exchange of discovery, and had willfully and without justification disobeyed Court Orders. More specifically, (1) the defendants failed to produce any documents or information on **April 7, 2023**, a deadline which defendants themselves proposed during the parties' conferral meeting (s*ee* Docket No. 87, at 1-2); (2) the defendants failed to comply with the Court-Ordered deadline of **April 20, 2023**, which required them to satisfy the agreed upon production, a deadline which responded to the EEOC's request for a Court-Ordered deadline to prevent future non-compliance by the defendants (Docket No. 89)[1]; and (3) the defendants failed to comply with the Court-Ordered deadline of **April 30, 2023**, which was established after the Court granted the defendants' *own* request for an extension of time to comply with the pending production (Docket Nos. 91, 92).

At the Discovery Hearing, the Court ably and convincingly described on the record that the defendants' conduct had been severe, repeated, and deliberate, with no legitimate or mitigating explanation for their noncompliance. After giving the defendants an opportunity to justify their non-compliance, it quickly became apparent to the Court that they had willfully failed to comply with the Court's **April 30, 2023**, Order, without any justification.

---

[1] In granting the EEOC's request, the Court allowed the defendants *more* time than that which was originally agreed to and held off on imposing sanctions against the defendants *at that time*.

The defendants' relentless failure to comply with their discovery obligations and willful disregard for Court Orders was even more egregious here because the discovery deadline, set for **June 23, 2023**, was right around the corner and the defendants' unreasonable delay and stonewalling tactics have prejudiced and continue to prejudice the EEOC in its ability to litigate this case. Moreover, the Pretrial/Settlement Conference is scheduled for **October 2, 2023**, and a Jury Trial is scheduled for **October 9, 2023**, both before the presiding judge, Senior Judge Francisco A. Besosa. (Docket No. 21).

In light of the procedural posture of this case, and based on the defendants' discovery-related abuses, deliberate misconduct, and unjustified failure to comply with the Court's lawful Order, combined with their unjustified and willful delay in responding to relevant discovery requests, the Court granted the EEOC's request for discovery related sanctions and ordered the defendants to pay a monetary sanction to the Clerk of the Court in the amount of $5,000.00. (*See* Docket No. 117.) The Court also granted the EEOC's request for the imposition of attorneys' fees and costs against the defendants for unreasonably and excessively delaying the production of discovery for several months. *Id*. In addition, after discussing the outstanding discovery disputes raised by the EEOC, and after hearing from the parties on each contention, the Court made its rulings on the record, most of which, by chance, resulted favorably to the EEOC. *Id*. It must be noted, however, that the defendants voluntarily agreed to re-visit some of their prior objections to the EEOC's discovery requests and agreed to supplement their disclosures in light of the EEOC's arguments. The defendants now seek to recuse the undersigned pursuant to 28 U.S.C. §§ 144, 455(a) and 455(b)(1) based on alleged bias and partiality.

### III.   **Discussion**

A.   Who decides the recusal petition?

First things first. The defendants question whether the undersigned should decide the Motion for Recusal. The short answer is a resounding "yes." It is the *duty* of the presiding judge, rather than another judge, to decide if his disqualification is required. *See In re Martinez–Catala*, 129 F.3d 213, 220 (1st Cir. 1997). Typically, "[t]he judge who is the object of the recusal motion rules on the motion . . . ." *United States v. Miller*, 355 F. Supp. 2d 404, 405 (D.D.C. 2005). As the First Circuit has explained:

> It might seem odd that recusal issues should be decided by the very judge whose recusal is in question. But there are other considerations at work, including a desire for expedition and a concern to discourage judge shopping.

*In re Martinez–Catala*, at 220. *See also United States v. Salemme,* 164 F. Supp. 2d 86, 92–93 (D. Mass. 1998); *United States v. Sampson*, 148 F. Supp. 3d 75, 85–86 (D. Mass. 2015), adhered to on reconsideration *sub nom*.

Furthermore, "disqualification is not automatic upon submission of affidavit and certificate; rather, *the judge [whose partiality is being questioned] must review these submissions for legal sufficiency*, and construe them strictly against the movant to prevent abuse." *Lawes v. Q.B. Constr.,* No. 12-1473 (DRD), 2016 WL 9460627, at *1 (D.P.R. Apr. 26, 2016); *In re Martinez–Catala*, 129 F.3d at 220. "It is well settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge." *See also Beland v. United States,* 117 F.2d 958, 960 (5th Cir. 1941); *United States v. Haldeman,* 559 F.2d 31, 131 (D.C. Cir. 1976); *United States v. Mitchell,* 377 F. Supp. 1312, 1315 (D.D.C. 1974) ("Only the individual judge knows fully his own thoughts and feelings and the complete context of facts alleged. It follows that only he can be certain of the most equitable resolution."); *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010).

To the extent that facts are in dispute, factual determinations are made by the judge whose recusal is in question, and it is that same judge who also decides whether the facts trigger disqualification, subject always to review on appeal based on an abuse of discretion standard. *See Town of Norfolk v. United States Army Corps of Engineers*, 968 F.2d 1438, 1460 (1st Cir. 1992); *In re Martinez-Catala*, supra.

Inasmuch as defendants' Motion for Recusal also invokes 28 U.S.C. § 455, that statute "*imposes* a *duty directly upon the judge* to evaluate his own conduct." 28 U.S.C. § 455; United *States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981); *see also Clay v. Brown, Hopkins & Stambaugh*, 892 F. Supp. 11, 13 (D.D.C. 1995) ("The case law interpreting [§ 455] *requires* that the movant first present a motion for recusal to the judge whose impartiality is at issue.").

The defendants' Motion for Recusal is therefore properly before the undersigned.

B.   <u>Legal Standard</u>

i.   *Recusal Pursuant to 28 U.S.C. § 144*

Section 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

At first glance, the statute seems to require a judge whose impartiality is questioned to automatically disqualify him or herself the moment a proper affidavit is filed. *In re Martinez–Catala*, 129 F.3d at 218. Nevertheless, "courts have responded to th[at] draconian procedure—automatic transfer based solely on one side's affidavit—by insisting on a *firm showing* in the affidavit that the judge does have a personal bias or prejudice toward a party, and also by insisting on *strict compliance with the procedural requirements* of the section." *Id.* As such, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does *not* automatically result in the challenged judge's disqualification. *See United States v. Miller,* 355 F. Supp. 2d 404, 405 (D.D.C. 2005). A trial judge is *not* required to recuse himself immediately, because the "judge *must* pass upon the legal sufficiency of the affidavit." *U.S. v. Giorgi,* 840 F.2d 1022, 1034–35 (1st Cir. 1988).

Regarding the sufficiency of affidavits charging a judge with bias, Wright and Miller's *Federal Practice and Procedure* treatise provides the following guidance:

> The substantive standard for bias or prejudice is the same under § 144 as it is under § 455(b)(1), so the discussion of that standard elsewhere is applicable here. Thus, courts have been rigorous in requiring a showing of personal bias as contrasted with general or judicial bias. The affidavit must state *facts* supporting the belief that bias exists. Accordingly, it must be *definite* as to the *time, place, persons, and circumstances.* If it is based upon an extrajudicial statement of the judge, the substance of the statement should be set out. *Mere conclusory allegations do not suffice, nor will rumors or gossip, although the facts may be stated on information and belief.* The facts stated "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment."
>
> The affidavit must be sworn to or affirmed *by a party* to the proceeding. *An affidavit by counsel is insufficient.* It must be accompanied by a *certificate of counsel* stating that the affidavit is made in good faith. The certificate must be signed by "counsel of record," who must be an attorney admitted to the bar of the particular court. The statute

> seems to contemplate that the certificate will attest to the good faith of the affiant, but several courts have concluded that the certificate must state that counsel is himself acting in good faith in making the certificate.

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3551 (2008) (emphasis added). *See Lawes,* 2016 WL 9460627, at *1.

Once the moving party's affidavit has been deemed sufficient by the Court, the allegations contained therein must be taken as true, even though it may contain averments that are false and known to be so to the judge. *See Berger v. U.S.*, 255 U.S. 22, 36 (1921); *In re Martínez–Catala*, 129 F.3d at 218 (Section 144 requires a judge to accept affidavit as true even though the allegations may be known to be false). However, when taken as true, the allegations made against the judge, in order to trigger disqualification, must be "personal," as opposed to "judicial." *Id. See Mims v. Shapp*, 541 F.2d 415, 417 (3d. Cir. 1976).

While there are various bases at law for recusal, the only one governed by Section 144 and subject to its procedural advantages for the recusing party are "personal bias or prejudice." *In re Martínez–Catala,* supra. The First Circuit Court of Appeals has recognized that a judge must be disqualified, or recuse him or herself, when the facts alleged against him or her "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re Boston's Children First,* 244 F.3d 164, 167 (1st Cir. 2001) (quoting *In re United States,* 666 F.2d 690, 695 (1st Cir. 1998)); *In re Martínez–Catala,* 129 F.3d at 220 (the analysis turns on whether "an objective, reasonable member of the public, fully informed of all the relevant facts, would fairly question the trial judge's impartiality.") Although the reasonable appearance of partiality requires the judge to recuse himself, "[t]his does not mean that required recusal can be based on an unsupported, irrational, or highly tenuous speculation." *Id.*

ii.       *Recusal pursuant to 28 U.S.C. § 455*

In its present version, Section 455 is the more modern and complete recusal statute and it applies to all federal judges. There is no threshold requirement of an affidavit or any other format for raising a recusal issue. *In re Martínez-Catala*, 129 F.3d at 220. Under Section 455, moreover, a judge is *not* compelled automatically to accept as true the allegations made by the party seeking recusal. *Id*.

Section 455(a) is in no way limited to "personal" bias or prejudice "concerning a party" and does not require that bias or prejudice *in fact* be established. *United States v. Chantal,* 902 F.2d 1018, 1023 (1st Cir. 1990). "Quite simply and quite universally, recusal [i]s required whenever 'impartiality might reasonably be questioned.'" *Liteky v. United States,* 510 U.S. 540, 548 (1994) (quoting 28 U.S.C. § 455(a)). The reach of the subsection is broad. It forbids partiality whether grounded in an "interest or relationship" or a "bias or prejudice;" and it forbids not only the reality of partiality but its objective appearance as well. *Liteky, id.* at 548. "While recognizing that the challenged judge enjoys a margin of discretion, [the First Circuit] has repeatedly held that doubts ordinarily ought to be resolved in favor of recusal. But "disqualification is appropriate *only* when the charge is supported by a *factual basis*, and when the facts asserted provide what an objective, knowledgeable member of the public would find to be a *reasonable basis* for doubting the judge's impartiality." *Ruiz Rivera v. New York Times, Inc.*, 2018 WL 10910853, at *2 (D.P.R. Mar. 7, 2018) (citing *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001)) (quoting *In re United States,* 666 F.2d 690, 695 (1st Cir. 1998)).

"The trial judge has a duty *not* to recuse himself or herself if there is no objective basis for recusal." *In re United States,* 441 F.3d at 67. As such, judges are not to recuse themselves lightly under § 455(a). *See* H.R. Rep. No. 93–1453, at 5 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6351, 6355 ("[Section 455(a)] should not be used by judges to avoid sitting on difficult or controversial cases."). An erroneous recusal may be prejudicial in some circumstances. *See United States v. Arache,* 946

F.2d 129, 140 (1st Cir. 1991) (finding that "there appears to be some force" to the argument that recusal may prejudice defendant where recusing judge has become familiar enough with facts of case to question reliability of key testimony); *United States v. Snyder*, 235 F.3d 42, 45–46 (1st Cir. 2000). Additionally, the unnecessary transfer of a case from one judge to another is inherently inefficient and delays the administration of justice. *See Camacho v. Autoridad de Teléfonos de Puerto Rico,* 868 F.2d 482, 491 (1st Cir. 1989) (noting that the judicial system would be "paralyzed" were standards for recusal too low). For these reasons, "[a] trial judge must hear cases *unless* [there is] some reasonable factual basis to doubt the impartiality or fairness of the tribunal." *Blizard v. Frechette,* 601 F.2d 1217, 1221 (1st Cir. 1979).

Thus, under Section 455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit.[2] The section is intended to prevent litigants from obtaining "recusal on demand" that would provide them with "a veto against unwanted judges." *In re Boston's Children First,* supra. In the final balance, compulsory recusal requires "more than subjective fears, unsupported accusations or unfounded surmise." *In re United States,* 158 F.3d 26, 30 (1st Cir. 1998).

On its part, Section 455(b)(1) provides for mandatory disqualification when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1).

Having laid out the standard for the Court to review the Motion for Recusal, the Court begins, as it must, by analyzing whether the defendants' Section 144 request complies with the statute's requirements.

---

[2] Section 455(a) modified, but did not eliminate, the duty to sit doctrine. *See In re Martínez–Catala,* supra at 221.  The duty to sit doctrine originally not only required a judge to sit in the absence of any reason to recuse, but also required a judge to resolve close cases in favor of sitting rather than recusing. *Id.*  Section 455(a) eliminated the latter element of the doctrine, *Blizard,* 601 F.2d at 1220, but not the former. *In re Martínez–Catala,* supra at 221; *Blizard*, supra at 1221. "In this sense, i.e., that judges hear cases unless there is some reason not to, the 'duty to sit' remains." *Id.* at 1220.

### C.   Procedural Requirements of 28 U.S.C. § 144

As noted above, the second paragraph of the statute sets forth a timeliness requirement (not now in dispute), providing that the "party" can only file one affidavit setting forth "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144.[3] *In re Martínez-Catala*, supra. Thus, the plain language of the statute requires that affidavits in support of a motion to disqualify under Section 144 be submitted by a *party* to the litigation and *not* by counsel. *Id*. Simply stated, "[t]he affidavit must be sworn to or affirmed by *a party* to the proceeding. An affidavit by counsel is insufficient." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3551 (2008) (emphasis added).

Several courts in other jurisdictions have overwhelmingly held as much, finding that Section 144 requires the affidavit to be executed by a *party* to the litigation and that affidavits submitted and signed by the party's attorney are legally insufficient. *See e.g., Pomeroy v. Merritt Plaza Nursing Home, Inc.,* 760 F.2d 654, 658-59 (5th Cir. 1985) ("A court may not grant relief under § 144 if a party's counsel instead of the party executes an affidavit alleging personal bias or prejudice."); *Roberts v. Bailar,* 625 F. 2d 125, 128 (6th Cir. 1980) (finding that motion to recuse under Section 144 was "invalid . . . from the time that it was filed" where "plaintiff's

---

[3] Both Sections 144 and 455 require that the party moving for recusal of the judge raise the issue "at the earliest moment after acquiring knowledge of the facts providing a basis for disqualification." *Córdova González v. United States,* 987 F. Supp. 87, 90 (D.P.R. 1997); *United States v. Bravo Fernández,* 792 F. Supp. 2d 178, 182–83 (D.P.R. 2011). The EEOC did not question the timeliness of the Motion for Recusal, as a result, the Court will not pass judgment on the matter. Nevertheless, the Court is compelled to note that the timing of the defendants' request is questionable at best. As the EEOC correctly points out, at the beginning of the Discovery Hearing, counsel for the defendants expressed their willingness to consent to Magistrate Judge jurisdiction, and therefore, to having the undersigned preside over the case in its entirety. Now, defendants request my recusal pretending to claim bias and impartiality but only after the Court highlighted the multiple discovery abuses that had been perpetrated by the defendants, made various rulings against them, and imposed sanctions for their discovery-related abuses and flagrant failure to comply with the Court's lawful orders. (*See* Docket No. 117.) It was only *after* the defendants were faced with these unfavorable decisions that they switched gears from expressing their consent for the undersigned to preside over to case to now questioning the undersigned's impartiality. *See Jones v. Pittsburgh Nat. Corp.,* 899 F.2d 1350, 1356 (3rd Cir. 1990) (finding that a recusal motion filed after entry of an order dismissing complaint and imposing sanctions was not timely because "[a]ny other conclusion would permit a party to play fast and loose with the judicial process by 'betting' on the outcome.")

counsel, not plaintiff, signed and filed the affidavit that accompanied the motion"); *United States ex rel. Wilson v. Coughlin,* 472 F.2d 100, 104 (7th Cir. 1973) (finding Section 144 motion insufficient where "[t]he motion was supported by an affidavit of one of the attorneys for respondent rather than the affidavit of a 'party' as required by the statute"); *Giebe v. Pence,* 431 F.2d 942, 943 (9th Cir. 1970) (per curiam) (explicit language of Section 144 requires party to file affidavit and affidavit by attorney is not sufficient); *Paschall v. Mayone,* 454 F. Supp. 1289, 1300 (S.D.N.Y. 1978) (affidavit deficient where filed by counsel, not party to proceeding); *Universal City Studios, Inc. v. Reimerdes*, 104 F. Supp. 2d 334, 348 (S.D.N.Y. 2000) ("[T]here are sound reasons for this requirement of an affidavit from the party, not the attorney. The decision whether to seek to recuse a judge ought to be made by the person whose interests are at stake in the lawsuit, the litigant. And the decision ought to be based on the party's well-founded belief that the party cannot get a fair trial, not counsel's belief that the Court does not think well of counsel."); *Sataki v. Broadcasting Bd. of Governors*, 733 F. Supp. 2d 54, 59 (D.D.C. 2010) ("affidavits submitted and signed by the party's attorney are legally insufficient.").

In addition to a signed affidavit by the party, Section 144 also requires a separate "certificate of counsel of record stating that [the affidavit] is made in good faith." 28 U.S.C. § 144. *In re Martínez-Catala*, supra. *See United States v. Kelley*, 712 F.2d 884, 887 (1st Cir. 1983). The statute seems to contemplate that the certificate will attest to the good faith of the affiant, but several courts have concluded that the certificate must state that counsel is himself acting in good faith in making the certificate. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3551 (2008) (emphasis added); *Lawes v. Q.B. Constr.* No. 12-1473 (DRD), 2016 WL 9460627, at *1 (D.P.R. Apr. 26, 2016).

Courts have insisted "on a *firm showing* in the affidavit that the judge does have a personal bias or prejudice toward a party, and also by insisting on *strict compliance with the procedural requirements* of the section." *In re Martínez–Catala*,

129 F.3d at 218. Because Section 144 is to be construed *narrowly*, actual disqualifications under the statute are uncommon. *See U.S. v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982) ("[I]n practice, the procedural requirements of this statute, which are *quite specific*, have been *strictly construed* . . . . As a result, actual disqualifications under section 144 have been *rare*."); *Lawes*, supra.

Having established the statutory requirements for recusal pursuant to Section 144, the Court addresses the procedural issues in the defendants' request. The defendants accompanied their Motion for Recusal with a sworn affidavit executed by one of their attorneys, Alberto J. Farmer del Toro, setting forth facts "based on the best of the undersigned's knowledge and recollection" and "offered in good faith." (Docket No. 103-1).

The Court starts with the certificate of counsel prerequisite. Aside from the counsel's generalized statement cited above, the affidavit did not include a certificate of counsel, *per se,* stating that counsel Farmer del Toro is himself acting in good faith in making the certificate. Though the Court questions whether the "good faith" statement included in the affidavit is sufficient to comply with the certificate of counsel requirement under Section 144, it nevertheless observes that the First Circuit has found that the missing certificate of counsel *may* be redundant (although it still *should* have been supplied) where, as here, the motion was signed by counsel, making counsel subject to the good faith strictures of Fed. R. Civ. P. 11. *See In re Martínez-Catala*, 129 F.3d at 218. *Id*. In such cases, courts are more concerned about the lack of an affidavit or statement from "a party," especially in view of the tradition of construing Section 144 strictly in light of its drastic consequences." *Id*. As such, the Court need not pass judgment upon the validity of counsel's "good faith" statement and moves on to the more stringent requirement that the affidavit be submitted by a *party* to the proceeding.

The EEOC argues that because the Motion for Recusal is not supported by an affidavit sworn to, or affirmed by, a party to the litigation, the affidavit by counsel Farmer del Toro, the only affidavit provided here, is insufficient. (*See* Docket No. 103-1). The defendants' Motion for Recusal, pursuant to 28 U.S.C. § 144, is indeed deficient because it was submitted by one of defendants' attorneys of record—counsel Farmer del Toro—rather than a party to this proceeding. *Id*. Upon review of the relevant statutory provisions and the decisions cited above, the undersigned is persuaded that the plain language of Section 144 requires that the affidavit submitted in support of recusal be executed by a *party*. That was not the case here. Strictly construing the requirements of Section 144, this Court can soundly conclude that the affidavit submitted to support the Motion for Recusal is not legally sufficient.

The deficiencies found in the affidavit could be sufficient reason to summarily deny the defendants' request for recusal pursuant to Section 144. *See In re Union Leader Corp.,* 292 F.2d 381 (1st Cir. 1961); *United States v. Kelly,* 519 F. Supp. 1029 (D. Mass. 1981), *In re Martínez–Catala,* 129 F.3d at 218; *United States v. Bravo Fernández*, 792 F. Supp. 2d 178, 184 (D.P.R. 2011) (finding that unfortunately for defendants, the initial filing of their improper certification and the untimely filing of their supplemental certification blatantly fail to comply with the procedural requirements of Section 144 and are sufficient to deny the motion for recusal); *United States v. Colon-de-Jesus*, (D.P.R. July 6, 2012).

Notwithstanding such obvious deficiency, the Court will refrain from denying outright the Motion for Recusal pursuant to Section 144 on those grounds because it would be remiss if it did not acknowledge the First Circuit's comments that "probably the drafters of the statute expected that "a party" would possess the necessary knowledge showing (for example) personal hostility of the judge against that party. In this case, [however] plaintiffs' counsel was much closer than his clients to being a firsthand witness to the [relevant] events."" *In re Martínez-Catala*, 129 F.3d at 218. This case presents similar circumstances because the defendants' claim of the

undersigned's alleged bias and prejudice against them stems from comments and rulings made by the undersigned during the Discovery Hearing, in the presence of counsel, but not in the presence of the parties. And as the First Circuit has found, given such a circumstance, it seems that the underlying purpose of the recusal statute "may be satisfied by allowing counsel to make the required filing—the affidavit— rather than insisting that the defendants themselves repeat in another affidavit what will be the same facts already proffered by counsel but on a hearsay basis." *See In re Martínez-Catala*, supra. In this particular case, therefore, the Court will follow the First Circuit's teachings to find that the affidavit submitted, though legally insufficient, is not fatal on its face to the defendants' cause.

The Court thus turns to a substantive analysis of the defendants' request for recusal.

### D.   Substantive Requirements of 28 U.S.C. §§ 144 and 455

The First Circuit has held that "[s]ince sections 144 and 455 of 28 U.S.C. use similar language and are intended to govern the same area of conduct, they have been construed *in pari materia,* and the test of the legal sufficiency of a motion for disqualification is the same under both statutes." *Kelley,* 712 F.2d at 889 (citations omitted). *See also Bravo Fernández*, 792 F. Supp. 2d at 181.

Here, defendants have raised two possible grounds for the undersigned's recusal: (1) a personal bias or prejudice concerning a party, governed by Sections 144 and 455(b)(1); and (2) an impartiality that may reasonably be questioned, governed by Section 455(a). Defendants believe that grounds for recusal exist because, as shown by Farmer del Toro's affidavit (Docket No. 103-1), the appearance of the undersigned's partiality is neither remote nor speculative because a reasonable person would doubt the judge's impartiality and conclude that there is a high level of antagonism against the defendants. (*See* Docket No. 103-1). The Motion for Recusal also challenges as biased the Court's remarks in open court concerning the merits of

legal positions advanced at the Discovery Hearing and the rulings made by the undersigned against the defendants.

The facts supporting the defendants' Motion for Recusal are contained in the affidavit of counsel Farmer del Toro, which is attached thereto. In an abundance of caution, the Court recites *verbatim* the bulk of the defendants' factual averments offered to show bias or prejudice against them:

1. The Honorable Magistrate Judge began the Hearing by harshly admonishing Defendants regarding previous motions filed in this action, such as the Motion for Protective Order and TSM's motion to dismiss. Regarding the latter motion, it is worth noting that it had nothing to do with discovery.

2. Judge seemed undeniably irritated at the Defendants from the start, even suggesting that considering these motions was a waste of the Honorable Court's time and resources.

3. As a matter of fact, the Honorable Magistrate Judge characterized counsel for Defendants, as well as their written motions, as amateurish and incapable of passing a 1st-year law school course.

4. Thereupon, the EEOC addressed discovery issues that were still in dispute, and the Honorable Magistrate Judge sided with its position on every single issue, regardless of the Defendants' valid and legitimate objections

5. Thus, under the threat of sanctions, the 7-day deadline for compliance with this new order emerges as extremely narrow, especially considering that the Honorable Magistrate Judge included every other issue discussed during the Hearing to be resolved within this same 7-day timeframe.

6. The Honorable Magistrate Judge took the EEOC's word over the Defendants' regarding what was discussed during conferral.

7. At one point, the Honorable Magistrate Judge allowed the EEOC to state their position regarding a particular issue and decided without allowing Defendants to speak. Defendants objected and requested to be heard, to which the Honorable Magistrate Judge responded,

"Are you really sure you want to do that?" thus discouraging Defendants from defending their position and demonstrating a predisposition to side with the EEOC. It also shows the Honorable Magistrate Judge's reluctance even to hear what the Defendants had to say.

8. The Honorable Magistrate Judge was quick to grant the EEOC's request for attorneys' fees and costs. Furthermore, the Honorable Magistrate Judge imposed, motu proprio, the significant amount of $5,000.00 in monetary sanctions against Defendants and did not budge when Defendants requested that he reconsider.

9. The Honorable Magistrate Judge ordered the Defendants to conclude their discovery within seven (7) days, regardless of whether the production was the subject of a new order or whether it was a pending issue.

10. The 7 days provided, undoubtedly narrow and including completely new discovery production, set Defendants up for further failure to comply. In short, the Honorable Magistrate Judge effectively condemns Defendants with an impossible task and the inevitable imposition of additional harsh sanctions.

11. At the end of the Hearing, when counsel for Defendants indicated that there remained an issue regarding deposition dates to be discussed with the EEOC, before backtracking and stating that the matter was best left to be addressed outside of the proceedings with the EEOC, the Honorable Magistrate Judge sarcastically said, "Yes, I think that would be best." This demonstrates the Honorable Magistrate Judge's reluctance even to hear what Defendants had to say, as was prevalent throughout the hearing.

12. Here, Defendants respectfully believe that grounds for recusal exist because, as shown by Exhibit 1, the Honorable Magistrate Judge's impartiality can be reasonably questioned. Furthermore, recusal is required when any circumstance creates an appearance of partiality, even when actual bias may not exist.

13. In this case, Exhibit 1 shows that the appearance of partiality herein is neither remote nor speculative, and recusal is therefore warranted as a reasonable person with knowledge of all the facts of the case would doubt

> the judge's impartiality and conclude that there is a
> high level of antagonism against Defendants.

Docket No. 103-1.

For present purposes, the Court focuses on the impartiality language of Section 455(a) because it covers the same ground and reaches even further than Sections 144 and 455(b). Section 455(a) is in no way limited to "personal" bias or prejudice "concerning a party" and does not require that bias or prejudice *in fact* be established. *Chantal,* 902 F.2d at 1023; *In re Martínez-Catala*, supra. The Court will also take counsel's averments as true, which it must—but solely for purposes of the Section 144 recusal request and not the requests under Section 455.

### i.   *The alleged source of the Court's bias*

Recusal or disqualification due to personal bias "necessitates a showing that the alleged bias or prejudice be both personal and extrajudicial." *United States v. Giorgi,* 840 F.2d 1022, 1035 (1st Cir. 1988). Automatic removal of a judge requires "averment of facts showing that the judge 'has a personal bias or prejudice, not that the judge might have such a bias or prejudice or that grounds exist for further inquiry." *In re Martínez–Catala,* 129 F.3d at 219.

Upon a careful reading of the Motion for Recusal and the attached affidavit, defendants claim of bias and impartiality rests primarily on the inference, drawn by counsel, that the undersigned harbors a personal bias against them that *arose* at the Discovery Hearing held on May 5, 2023, and was palpable in that proceeding. Defendants' main contention is that the general remarks and attitude advanced by the undersigned at the Discovery Hearing reveal a high degree of favoritism towards the EEOC, or conversely, antagonism towards defendants, making fair judgment impossible in the present case. It is defendants' position moreover that "during the discovery hearing, the Magistrate Judge's expressions and general demeanor, which ranged from mocking the Defendants' previous motions unrelated to discovery to discouraging Defendants from even presenting their position in open Court, point to

a personal bias rather than a judicial bias." (*See* Docket No. 121 at 4). Defendants' claims are unavailing and fail to meet the recusal or disqualification threshold.

When analyzing a motion for recusal, "courts have been rigorous in requiring a showing of personal bias as contrasted with general or judicial bias." *Lawes*, 2016 WL 9460627, at \*2-3. It is well-settled that "opinions formed by the judge on the basis of facts introduced or events occurring *during current or prior proceedings* are *not* grounds for a recusal motion unless they display a . . . [deep-seated] . . . favoritism or antagonism." *Liteky,* 510 U.S. at 541. To be disqualifying, "[t]he alleged bias and prejudice *must* stem from an *extrajudicial* source and result in an opinion on the merits on some basis *other than what the judge learned from his participation in the case.*" *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). *See also Liteky,* 510 U.S. at 554 (predispositions *developed during proceedings* are rarely sufficient).

Generally speaking, a judge's bias is not "personal" if none of the attitudes cited in the affidavit "developed from sources *other than court proceedings or evidence in the case.*" *See Ruiz Rivera v. New York Times, Inc.*, 2018 WL 10910853, at \*2 (D.P.R. Mar. 7, 2018); *Bravo Fernández*, 792 F. Supp. at 188–89 (denying motion for recusal because movant failed to prove that the Court's alleged bias revealed an opinion that stemmed from an extrajudicial source.) *See also Tynan v. United States,* 376 F.2d 761, 764–65 (D.C. Cir. 1967) (noting distinction between judicial determination derived from evidence and proceedings before the court and one based on attitudes and conceptions originating elsewhere); *In re City of Milwaukee*, 788 F.3d 717, 721 (7th Cir. 2015) (denying motion for recusal and stating that moving party's burden is heavier when seeking recusal based upon rulings and statements that are not extrajudicial).

Here, the source of the undersigned's alleged bias or prejudice undeniably developed from court proceedings and evidence in the case. It was irrefutably obtained during the performance of the undersigned's official judicial duties, namely, presiding over the Discovery Hearing. Aside from conclusory allegations of bias

stemming from supposedly "harsh" remarks and adverse rulings, all of which were advanced and developed in this litigation, the defendants have neither alleged, nor shown that the bias complained of was derived from some extrajudicial source, as is required. Even assuming that the Court's statements and general demeanor during the Discovery Hearing do show a predisposition, there is no evidence that the remarks were personal, rather than judicial. To the contrary, in a routine and permissible fashion, the undersigned developed views from the parties' prior filings, the cases' procedural history, and the record that was developing before it.

"[T]he First Circuit Court of Appeals has held that where the knowledge alleged by a defendant to mandate a judge's recusal was *indisputably obtained during the performance of his judicial duties it cannot serve as a basis for disqualifying that judge on grounds of personal bias*." *Bravo Fernández*, 792 F. Supp. 2d at 186 ("Disqualification due to personal bias or prejudice *necessitates* a showing that the alleged bias or prejudice be both *personal* and *extrajudicial*.") (citing *U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988). Defendants here have failed to identify any extrajudicial source of the undersigned's alleged prejudice; therefore, the Motion for Recusal falls short.

ii.    *Personal bias and prejudice in fact*

Defendants also fail to show that any alleged bias or prejudice was "personal." The Motion for Recusal argues that bias and prejudice is shown because of the undersigned's unforgiving or "harsh" comments *to counsel* concerning the legal sufficiency of their arguments in the Discovery Hearing. The law is clear, however, that in order to require disqualification, the alleged bias or prejudice must be "personal, i.e. directed *against a party*." *Kelley,* 712 F.2d at 88. Thus, the Court evaluates defendants claims in the context of the alleged personal bias directed against defendants, *not* against their counsel. *Id.*

Here, the Motion for Recusal is devoid of any plausible or factual contention that the undersigned harbors a personal bias or animus against the defendants

themselves. Defendants' failure to address this inconsistency seriously undermines the strength of their argument in favor of recusal. *Id. See Bravo Fernández*, 792 F. Supp. 2d at 186–87. In light of defendants' inability to explain the weakness outlined above, the Court finds that defendants have failed to make a showing of actual personal bias or prejudice against a party as required under Sections 144 and 455(b)(1).

The Motion for Recusal is also insufficient because it omits the requisite degree of specificity with respect to the factual allegations offered to show personal bias. The First Circuit has predominantly found that "disqualification under section 144 and section 455(b)(1) each require determination of bias/prejudice *in fact*." *United States v. Pandey,* 979 F.2d 844 (Table), No. 91–2219, 1992 WL 348046, at *3 (1st Cir. Nov. 23, 1992) (emphasis original) (quoting *United States v. Chantal,* 902 F.2d 1018, 1023 (1st Cir. 1990)). A motion to recuse is a very serious matter and must have a factual foundation. *In re United States,* 441 F.3d 44, 65 (1st Cir. 2006). Courts will reject what appear to be strategic motions to recuse a judge whose rulings have gone against the party. *Id.* As such, a motion to disqualify should not be granted lightly where it lacks factual support. *Murchison v. Inter–City Mortg. Corp. Profit Sharing & Pension Plans,* 503 F. Supp. 2d 184, 188 (D.D.C. 2007).

"The factual allegations must establish by more than a *prima facie* case, but not beyond a reasonable doubt, that the mind of the judge is closed to justice; that the judge has a personal bias or prejudice against the affiant which is of such a nature, and of such intensity, that it would render the judge unable to give the affiant the fair trial to which every litigant is entitled. Obviously, such a showing could rarely be made." *United States v. Hanrahan,* 248 F. Supp. 471, 475-76 (D.D.C. 1965). "The identifying facts of time, place, persons, occasion and circumstances must be set forth, with at least that degree of particularity one would expect to find in a bill of particulars." *Id. See also Robertson v. Cartinhour,* 691 F. Supp. 2d 65, 77–78 (D.D.C. 2010).

First, the affidavit offered here in support of the Motion for Recusal is packed with allegations that are conclusory and speculative, at best, and fail to reach the recusal threshold. Defendants' claims that the undersigned "developed a personal bias" are simply conclusory generalities, insufficient to demonstrate bias or prejudice requiring disqualification. *Bhd. Of Locomotive Firemen and Enginemen,* 380 F.2d at 577 (§ 144 affidavit "must allege specific facts and not mere conclusions or generalities"). Beyond a recitation of the Court's statements and rulings that were adverse to defendants, counsel's affidavit is nothing more than a list of non-specific and conclusory allegations. Second, defendants' motion lacks any specificity with regard to time, place, persons, and circumstances of each alleged "fact" amounting to personal bias. *See Lawes,* 2016 WL 9460627. *See also Robertson*, 691 F. Supp. 2d at 79; *see Hanrahan,* 248 F. Supp. at 474. Nothing about the affidavit, save for the recitation of the Court's statements and the rulings made during the Discovery Hearing is "definite." *See Miller,* 355 F. Supp. 2d at 406 (denying motion to recuse where affidavit was "not definite" and "offer[ed] no specifics").

In sum, the "facts" alluded to in the affidavit, even if taken as true, would not fairly convince a sane and reasonable mind that the undersigned does in fact harbor the personal bias or prejudice contemplated by Sections 144 and 155(b). *See Hanrahan,* 248 F. Supp. 475-476. Despite counsel's efforts to include the facts he has deemed most favorable to his client's position, the allegations in the motion fail to raise any objectively reasonable appearance of bias by this judge.

iii.   *The Court's purportedly biased remarks*

Defendants focus a large portion of their Motion for Recusal on the undersigned's unfavorable remarks from the Discovery Hearing. But the comments allegedly constitutive of bias were all made by the Court during the course of these proceedings and were based on knowledge acquired while the undersigned was exercising his official duties. A judge is ordinarily entitled to form a view of the parties that is favorable or *unfavorable, so long as it derives from information in the case*;

there may be exceptions[,] but they are "rare" indeed. *In re Martínez-Catala*, 129 F. 3d at 219. Any "adverse attitude" directed at counsel for the defendants resulted from the Court's consideration of issues raised by the EEOC and was in direct response to the positions advanced by the defendants at the Discovery Hearing, neither of which qualifies as the kind of prejudice or bias requiring recusal. *See Liteky,* 510 U.S. at 556 ("expressions of impatience, dissatisfaction, annoyance, and even anger" do *not* establish bias or partiality requiring recusal). The Court discusses its prior remarks more fully below.

   a. The propriety of defendants' Motion to Dismiss and Motion for Protective Order.

  The Court starts with the undersigned's purportedly unforgiving comments regarding the suitability of the defendants' motion to dismiss (the "Motion to Dismiss") (*see* Docket No. 44), and the motion for protective order (the "Motion for Protective Order") (*see* Docket No. 88), both of which were denied by the Court after providing its well-reasoned rationale in writing.[4] In a nutshell, the undersigned stands by the comments he made during the Discovery Hearing, which accurately reflect his thoughts on the frivolous nature and questionable merits of both motions.

  To begin with, every aspect of TSM's three-page motion to dismiss completely missed the mark, most obviously, by ignoring the proper and most basic legal standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)—that the Court must view the facts in a light most favorable to the non-moving party.

  To recap, the Motion to Dismiss sought the dismissal of the complaint against TSM based on a conclusory allegation that such entity was not the claimant's joint employer and was supported by a copy of TSM and TSV's respective certificates of incorporation. That was the full extent of the argument raised in support of dismissing all the claims against TSM. The fact that TSM and TSV might be separate

---

[4] *See* the 15-page Report and Recommendation recommending denial of the Motion to Dismiss under Rule 12(b)(6) (Docket No. 79) and Docket No. 84, which is the presiding judge's Order adopting the Report and Recommendation. With respect to the Motion for Protective Order, s*ee* Docket No. 96, which is the 3-page Opinion and Order denying said motion.

corporations says precious little about whether they are indeed joint employers. The motion also completely ignored the well-known principle that the Court's analysis of a motion to dismiss under Rule 12(b)(6) is limited to the four corners of the complaint, and that the Court may not consider extrinsic evidence nor weigh disputed material facts. Noticeably, the motion was unsound, at best.

And the motion for protective order proved to fare no better. Absent any justifiable legal basis, and lacking well-developed argumentation, the defendants requested the Court's authorization to stop the plaintiff from taking what would otherwise be a perfectly permissible deposition. Defendants sought a protective order for the deponent based on the faulty premise that they could somehow direct whom the plaintiff could and could not depose grounded on their own self-serving conclusion that such individual "had no useful information."

Importantly, however, the scheduled deposition did not come out of left field. Instead, the deposition had been duly notified, and the EEOC sought to depose an individual who not only works for the defendants but who had been identified as having relevant knowledge of the facts alleged in this case. More precisely, the deponent had a direct link to the plaintiff's administrative complaint of discrimination. Whether she in fact had relevant knowledge to support the plaintiff's claims was a question better left to the sound discretion of the plaintiff's attorneys—who even indicated that they would "cut the deposition short" if they determined that the deponent had no knowledge of the relevant facts. The Motion for Protective Order argued, in no uncertain terms, that defendants had an absolute right to prevent an unwanted deposition of an individual who presumably had knowledge of pertinent facts simply because it would inconvenience the defendants and the deponent. Ergo, the plaintiff should be precluded by the Court from deposing such individual. Simply put, defendants' motion had no reasonable legal support, and instead, was seen by the Court in retrospect as fomenting an intransigent and uncooperative discovery strategy. The motion was ill-advised, to be sure.

The Court remains confident in its belief that the positions advanced by the defendants in both the motion to dismiss and motion for protective order did not—and do not—pass legal muster. Although counsel for the defendants is correct that the motions had no direct bearing on the issues before the Court during the Discovery Hearing—the Court found it necessary to comment on counsel's prior frivolous filings and questionable litigation strategy because, in retrospect, they proved to be an unnecessary delay on the proceedings, greatly increased the costs to the other side, and forced the Court to utilize scarce judicial resources.

Indeed, the Court's intent in making these comments was to steer counsel towards greener pastures, especially in view of the most recent allegations of continued discovery violations, obstructionist conduct, and repeated failure to properly respond to timely, relevant, and reasonable discovery requests.

> b. Defendants' complaints of bias related to the undersigned's analysis of the legal issues and the merits of defendant's arguments raised during the Discovery Hearing.

The Motion for Recusal points to bias by the undersigned because of his analysis of the legal issues discussed at the Discovery Hearing and his resulting comments regarding the merits—or lack thereof—of defendants' legal positions as to every single discovery issue raised by the plaintiff. As discussed in the preceding section, the comments offered in the affidavit to show bias or impartiality were made by the Court about, or in response to, unavailing legal positions and arguments by the defendants and are thus insufficient to show personal bias or warrant recusal.

> c. Defendants' complaints of bias related to the Court's comment at the conclusion of the Discovery Hearing.

In his affidavit, counsel Farmer del Toro takes issue with the undersigned's "sarcastic" comment at the end of the Discovery Hearing that it "would be best" for the defendants to discuss an (internal) issue concerning deposition dates with the plaintiff—on their own time, rather than continuing to occupy the time of the Court. The comment was made at the end of the hearing and after the Court had asked the

parties whether there was anything else they would like to discuss. Counsel for defendants began to talk, as if to raise a new argument, but the record clearly reflects that he immediately stopped himself. Counsel then said the matter would be best discussed between the parties, to which the Court correctly replied that "that would be best." There is no personal bias shown by that comment. If anything, the fact that counsel refrained from discussing a scheduling issue in the presence of the Court reveals that he recognized that such matters are to be discussed amongst the parties by themselves. Parties should indeed be concerned over the use of the Court's limited time and resources. In any event, assuming the comment evoked a certain degree of sarcasm, it is undisputed that the Court audibly agreed with counsel's assessment that the disputed matter should be resolved by the parties without the intervention of the Court for judicial economy.[5]

> d. **Remarks were a warning to counsel to desist from their dilatory discovery tactics.**

On a final note regarding the Court's remarks made during the Discovery Hearing, context is key and a reasonable mind looking at the comments can indeed conclude that they were all made in the context of the defendants' continuing discovery abuses and constituted little more than a warning to counsel, quite relevant to the Discovery Hearing, that their dilatory and obstructionist litigation strategy was not working and that they might fare better if they adopted a more prudent and good faith approach, rather than continuing to stonewall the plaintiff at every turn. While the Court's comments are indicative of counsel's questionable positions, they

---

[5] At the end of the day, the undersigned did not go out of his way to embarrass or speak harshly to counsel, but the Court cannot turn a blind eye to the type of litigation strategy that has been displayed here. The Court is comfortable with its previous remarks, all of which were made in the context of the Discovery Hearing. Any comment the Court has made during these proceedings has been directly in response to dilatory and imprudent litigation strategy, which counsel for the defendants have chosen to adopt. The Court has no stake in this case, to be sure, and it would have made the same comments had defendants' unreasonable positions been advanced by the plaintiff, or by *any* other party.

in no way shape, form, or suggest that the Court has any allegiance, partiality, or care in favor of one party or the other.

Though the defendants allege, without the requisite specificity, that the undersigned admonished their counsel during the Discovery Hearing and commented negatively on their previous motions, admonished their litigation tactics, and theories of discovery, *friction or frustration with a litigant is rarely grounds for recusal. See Lawes,* supra. *See also Liteky,* 510 U.S. at 554 (predispositions developed during proceedings are *rarely sufficient*); *Christo v. Padgett,* 223 F.3d 1324, 1333–1334 (11th Cir. 2000), cert. denied, 531 U.S. 1191, (2001) (District judge's "occasional *expressions of frustration* with litigants, admonition that the court will not be used to further a personal agenda of a party" do not require recusal under § 144 or § 455(a)); *Green v. Nevers*, 111 F.3d 1295, 1303–1304 (6th Cir. 1997), cert. denied, 522 U.S. 996 (1997) (District court judge was not obligated to disqualify himself as there was no evidence of bias, notwithstanding *judge's impatience with attorneys* and skepticism about settlement, which was large and was reached very quickly.); *Cohea v. Grannis*, No. 12-CV-01739-LJO, 2015 WL 1729860, at *1 (E.D. Cal. Apr. 15, 2015) ("expressions of *impatience, dissatisfaction, annoyance, and even anger are not grounds for establishing bias or impartiality*, nor are a judge's efforts at courtroom administration.")

Recusal is simply not justified when the judge makes critical remarks or comments directed at a party or his attorney, or when there are other indications of animosity or friction. *Bravo Fernández*, 792 F. Supp. 2d at 188–89 ("judicial remarks during the course of a trial that are *critical or disapproving of, or even hostile to, counsel*, the parties, or their cases, ordinarily do *not* support a bias or partiality challenge"). *See also Lawes,* 2016 WL 9460627; *Grinnell,* 384 U.S. at 583.[6]

---

[6] *See also King v. First American Investigations, Inc.*, 287 F.3d 91, 96 (2d Cir. 2002), cert. denied, 537 U.S. 960, (2002)(Plaintiff's assertions that judge accused him of abusing the judicial process, referred to plaintiff as paranoid, accused plaintiff of "pulling a stunt" in attempting to make a showing at trial, favored defendants because two of them were of the same ethnicity as he, and other allegations did not require recusal.); *Mitchell v. Kirk*, 20 F.3d 936 (8th Cir. 1994) (District judge's

A judge is free to develop views from the record as the case proceeds and the defendants have failed to show that the undersigned's comments reveal an opinion that derives from an extrajudicial source or that would reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. *See In re Martínez-Catala*, 129 F.3d at 221; *Bravo Fernández*, 792 F. Supp. 2d at 188–89. Neither do the comments complained of demonstrate that the undersigned had any personal antipathy, bias, or conflict *against the defendants*. Even reading the words out of context, as defendants present them to the Court, the Court's choice to express its decisions and opinions in no uncertain terms shows no factual support for a reasonable inference of partiality. *See Blizard*, 601 F.2d at 1221. Defense counsel's quibble with the Court's word selection focuses mostly on the judge's ultimate conclusions for numerous rulings, which disposed of pending issues in a fair and neutral evaluation of the facts and the evidence presented. Echoing the First Circuit's opinion, "[i]f a concluding paragraph using colorful language to drive home a point proves an entire opinion biased, then few, if any judicial opinions pass muster under section 455(a). We do not hold that words alone can never provide a factual basis to doubt impartiality; but these words, while enough to fuel an argument, do not suffice." *Blizard, id.*

The above fully supports a finding that defendants' claim of bias grounded on the Court's critical remarks directed at counsel during court proceedings do not constitute a sufficient basis for recusal.

e.  Judicial rulings

Lastly, counsel spends a considerable amount of time detailing the Court's rulings that were adverse to the defendants, which counsel argues are suggestive of bias. More specifically, the Motion for Recusal accuses the undersigned of showing

---

heated exchanges with, and admonishments of, *pro se* inmate in front of jury did not establish judicial bias, advocacy, or partiality, but rather were attempts to maintain control over proceedings and to preserve courtroom decorum; judge never commented on merits of inmate's case, and only remarked on inmate's presentation of his case and his courtroom antics).

bias against the defendants and a lack of partiality because he ruled against them in most, if not all, of the discovery issues that were discussed at the Discovery Hearing. Defendants further claim that the Court was "quick to grant" the plaintiff's (second) request for attorney's fees and costs, which the Court granted because the defendants had unreasonably and excessively delayed the production of discovery for several months and forced the plaintiff to incur in unnecessary expenses.[7] (*See* Docket No. 117). The defendants also take issue with the Court's imposition of an additional monetary sanction of $5,000 against them for the unjustified dilatory tactics they have displayed throughout this litigation, their imprudent discovery strategy, their willful delay in responding to reasonable and relevant discovery requests, their stonewalling, their failure to comply with their good-faith discovery obligations, and their unjustified failure to comply with the Court's lawful Orders. Finally, the defendants challenge as biased the Court's opinion that they were not taking this matter seriously, as well as the Court's resulting Order instructing them to supplement the past-due discovery responses by May 12, 2022.[8]

In their reply brief, defendants indicated that they "are not challenging the orders themselves in their motion for recusal, as such challenges are being implemented through other motions filed in this case. Instead, defendants are arguing that the way the orders were issued, hastily in open court and in contrast to previously written orders, points to a bias on the Magistrate Judge's part." (*See*

---

[7] In the Discovery Hearing, the Court detailed the reasons that supported its decision, all of which are memorialized in the Minute Order that followed. (*See* Docket No. 117). Pursuant to Fed. R. Civ. P. 37(c)(1)(A), based on the defendant's intransigent and dilatory litigation tactics and failure to conduct good faith discovery efforts, the Court **Ordered** the defendants to pay the EEOC its reasonable attorney's fees and costs incurred in having to: (1) repeatedly seek information not provided by the defendants in their responses to interrogatories and requests for production of documents that were propounded as far back as September 2022, (2) pursue a Motion to Compel discovery, (3) prepare the Notice of pending discovery issues and other motions seeking relief from the Court; (4) cancel already booked airfare and hotel reservations; and (5) reschedule depositions. The Court **ORDERED** the EEOC to submit a specific and detailed breakdown of the reasonable attorneys' fees and costs incurred by it as a result of defendants half-hearted and dilatory discovery efforts and delayed production of discovery. (*See* Docket No. 117).

[8] The Court warned the defendants that more sanctions could be imposed if they did not meet the Court's Order and new deadline.

Docket No. 121 at 4). Defendants also appear to claim that the Court declined to hear some of their arguments.[9]

Not only did the undersigned provide ample legal support for every decision issued at the Discovery Hearing, but the Supreme Court has repeatedly held that "judicial rulings alone *almost never* constitute a valid basis for a bias or partiality motion . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky,* 510 U.S. at 555. *See In re Boston's Child. First*, 244 F.3d at 168. It is well settled therefore that dissatisfaction with a court's rulings and case management is *not* grounds for recusal. *See Liteky,* supra; *Grinnell Corp.,* 384 U.S. at 563. This may be true even when the judicial rulings in question are erroneous. *In the Matter of Sheffield,* 465 So.2d 350, 357 (Ala. 1984). *See also In re U.S.,* 441 F.3d at 65 ("courts will reject what appear to be strategic motions to recuse a judge whose *rulings have gone against the party*"); *United States v. Giorgi,* 840 F.2d 1022, 1035 (1st Cir. 1988) ("the mere fact of an adverse ruling . . . or a negative determination as to credibility . . . does *not*—standing alone—create an inference of lack of partiality") (citations omitted); *Bravo Fernández,* 792 F. Supp. 2d at 188–89; *S.E.C. v. Loving Spirit Foundation, Inc.,* 392 F.3d 486, 494 (D.C. Cir. 2004) ("we have found no case where this or any other federal court recused a judge based only on his or her rulings"); *Glass v. Pfeffer,* 849 F.2d 1261, 1268 (10th Cir. 1988) ("adverse rulings are *not* in themselves grounds for recusal"); *Stone v. Baum,* 409 F.Supp.2d 1164, 1175 n.5 (D. Ariz. 2005) ("A judges' prior ruling in a case is absolutely not a basis for recusal.").

Overall, according to the defendants, the Court's rulings against them, show that the undersigned is biased, and his impartiality might reasonably be questioned. Pursuant to the above case law, the Court must reject this argument. Here, an objective member of the public with knowledge of all the facts would not find a

---

[9] On this last point, a review of the transcript will reveal that defendants were given an opportunity to argue their position with respect to every single discovery issue raised by the plaintiff. If at any given point during the Discovery Hearing, counsel elected not to argue a position further, that was solely by choice.

reasonable basis for doubting the undersigned's impartiality based on his prior rulings. Any discontentment that defendants may have with the Court's decisions, or the fact that they were made in open court, which is totally permissible and is a practice that the undersigned has favorably adopted in many cases, does not establish bias or partiality against the defendants. Simply stated, "there is no factual basis for the assertion that the undersigned is biased. The adverse rulings against [defendants] are wholly insufficient to create a reasonable doubt concerning the judge's impartiality in the mind of a reasonable man." *Ruiz Rivera,* 2018 WL 10910853, at *2 (D.P.R. Mar. 7, 2018). The same rationale applies here. Defendants' allegations are legally insufficient to support disqualification either under Section 455(a), 455(b)(1) or 144.

## VI.   <u>Conclusion</u>

The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal. *See United States v. Snyder,* 235 F.3d 42, 45–46 & n.1 (1st Cir. 2000); *Blizard v,* 601 F.2d at 1221. Defendants here did not make a clear and indisputable showing of personal bias or prejudice, nor did they raise a reasonable question as to the undersigned's impartiality. The Court reaches the same conclusion whether applying the standard of 28 U.S.C. § 144 or applying the standards of 28 U.S.C. §§ 455(a) and 455(b)(1). Simply stated, the defendants failed to present a sufficient basis warranting the recusal of the undersigned judge.

Accordingly, the Court **DENIES** the defendants' Motion for Recusal at Docket No. 103.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this <u>15th</u> day of June 2023.

Marshal D. Morgan
United States Magistrate Judge
for the District of Puerto Rico